**LATHROP & GAGE L.C.**
**William R. Hansen (WH-9446)**
**Gianfranco G. Mitrione (GM-8168)**
**Bernadette McGlynn Reilly (BM-4117)**
**230 Park Avenue, Suite 1847**
**New York, New York 10169**
**(212) 850-6220**
**Attorneys for Defendant**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------X
CHAMILIA, LLC,                      :   Civil Action No.: 04 CV 06017
                                    :           (Judge Karas)
                    Plaintiff,      :           ECF CASE
                                    :
         -against-                  :   ANSWER TO COMPLAINT
                                    :
PANDORA JEWELRY, LLC,               :
                                    :
                    Defendant.      :
---------------------------------------------X

The Defendant Pandora Jewelry, LLC ("Pandora") for its Answer to the Complaint of Plaintiff Chamilia, LLC ("Chamilia") states as follows:

### AS TO "NATURE OF THE ACTION"

1.      As for Paragraph 1 of the Complaint, Pandora admits that this action was brought by Chamilia and that the Complaint sets forth all allegations of fact and makes claims of injuries against the action of Pandora; except as so stating, Pandora denies each and every allegation and claim made in Paragraph 1.

### AS TO "PARTIES"

2.      Pandora is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2; and, therefore denies the same.

CC 1331162v1

3. With regard to the allegation made in paragraph 3 of the Complaint, Pandora states that it is a limited liability company organized under the laws of the State of Maryland and admits it has a place of business in Columbia, Maryland.

## AS TO "JURISDICTION AND VENUE"

4. Pandora denies that any claim has arisen so that this Court has no jurisdiction; except as so denying, Pandora states that Paragraph 4 cites to sections of the United States Code which gives rise to the subject matter jurisdiction for this Court.

5. Pandora denies that an actual case or controversy has arisen between the parties thereby providing Chamilia with grounds to assert a claim under 28 U.S.C. §§ 2201 and 2202; Pandora further denies that any claims have arisen between the parties under the U.S. Patent Law, the Lanham Act, or those recognized under diversity jurisdiction of this Court under 28 U.S.C. § 1332.

6. Pandora denies that proper venue is found in this judicial district.

## AS TO "GENERAL ALLEGATIONS"

7. Pandora is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 7; and, therefore, denies the same.

8. Pandora is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 8; and, therefore denies the same.

9. Pandora admits that Chamilia competes with Pandora in the sale of jewelry; and, except as so admitting, Pandora is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 9; and, therefore, denies the same.

10. Pandora denies the allegations made in Paragraph 10 of the Complaint.

11. In response to Paragraph 11 of the Complaint, Pandora admits it is the owner of a patent pending in the United States Patent and Trademark Office Publication No. US 20004/0144131-A1 (hereinafter "Patent Pending"), and except as so admitting, Pandora denies each and every other allegation made in Paragraph 11.

12. Pandora denies the allegations made in Paragraph 12 of the Complaint.

13. Pandora denies the allegations made in Paragraph 13 of the Complaint.

14. Pandora denies the allegations made in Paragraph 14 of the Complaint.

15. Pandora admits informing some of its customers that in a Final Judgment on Consent filed in this Court on November 24, 2003 in <u>Pandora Smykker and Pandora Jewelry v. Chamilia</u>, 03 Civ. 7587 (Judge Sprizzo) that Chamilia accepted a judgment compensating Pandora for the infringement of Pandora's registered copyrights and *inter alia*, Chamilia was enjoined from further sales of such infringing jewelry products and paid monetary damages to Pandora; and except as so admitting Pandora denies each and every other allegation made in Paragraph 15 of the Complaint.

16. Pandora denies the allegations made in Paragraph 16 of the Complaint.

17. Pandora is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 17; and therefore denies the same.

18. Pandora denies the allegations made in Paragraph 18 of the Complaint.

19. Pandora denies the allegations made in Paragraph 19 of the Complaint.

20. Pandora denies the allegations made in Paragraph 20 of the Complaint.

21. Pandora denies the allegations made in Paragraph 21 of the Complaint.

22. Pandora is without knowledge or information sufficient to form a belief as to the substance of what Ms. Whirlow was informed and, therefore, denies the allegations in Paragraph 22 of the Complaint.

23. Pandora denies the allegations made in Paragraph 23 of the Complaint.

24. Pandora admits that it is the 'original' and that Chamilia "knocked-off" the designs of Pandora jewelry; Pandora admits that Chamilia produced "knock-off" jewelry designs for which a judgment was entered against Chamilia's continued infringement of Pandora's U.S. Copyright Registration No. VA 1-208-549; Pandora admits that in the summer of 2003 it owned the Patent Pending which was published in the Official Gazette of the U.S.P.T.O. on July 29, 2004; and except as so admitting, Pandora denies the other allegations set forth in Paragraph 24 of the Complaint.

## AS TO "COUNT 1: LANHAM ACT, 15 U.S.C. § 1125 (a)(1)(B)"

25. Pandora repeats and realleges each of the foregoing responses that it has made in Paragraph 1-24, inclusive of the Complaint as if fully set forth herein.

26. Pandora denies the allegations made in Paragraph 26 of the Complaint.

27. Pandora denies the allegations made in Paragraph 27 of the Complaint.

28. Pandora denies the allegations made in Paragraph 28 of the Complaint.

29. Pandora denies the allegations made in Paragraph 29 of the Complaint.

30. Pandora denies the allegations made in Paragraph 30 of the Complaint.

31. Pandora denies the allegations made in Paragraph 31 of the Complaint.

WHEREFORE, Pandora requests judgment against Chamilia dismissing *with prejudice* any claim made by Chamilia in Count I of its Complaint; awarding

Pandora its attorneys' fees and costs as provided in 15 U.S.C. § 1117, and such other further relief as the Court may deem appropriate.

### AS TO "COUNT II: FALSE PATENT MARKING 35 U.S.C. § 292"

32. Pandora repeats and realleges each of the foregoing responses that it has made in Paragraphs 1-31, inclusive, of the Complaint as if fully set forth herein.

33. Pandora admits that its Patent Pending has been published but has not yet been issued by the U.S.P.T.O. to protect Pandora's jewelry product from infringement by third parties.

34. Pandora denies the allegations in Paragraph 34 of the Complaint.

WHEREFORE, Pandora requests judgment be entered dismissing *with prejudice* any claim made by Chamilia in Count II of its Complaint; awarding Pandora its attorneys' fees and costs and such other further relief as the Court should deem appropriate.

### AS TO "COUNT III: SLANDER OF TITLE"

35. Pandora repeats and realleges each of the foregoing responses that it has made to Paragraphs 1-34, inclusive, of the Complaint as if fully set forth herein.

36. Pandora denies the allegations made in Paragraph 36 of the Complaint.

WHEREFORE, Pandora requests judgment be entered dismissing *with prejudice* all claims set out in Count III of the Complaint, awarding Pandora its attorneys' fees and costs; and such other further relief the Court shall deem appropriate.

### AS TO "COUNT IV: DEFAMATION"

37. Pandora repeats and realleges each of the foregoing responses that it has made in Paragraphs 1-36, inclusive, of the Complaint as if fully set forth herein.

38. Pandora denies the allegations made in Paragraph 38 of the Complaint.

39. Pandora denies the allegations made in Paragraph 39 of the Complaint.

40. Pandora denies the allegations made in Paragraph 40 of the Complaint.

41. Pandora denies the allegations made in Paragraph 41 of the Complaint.

42. Pandora denies the allegations made in Paragraph 42 of the Complaint.

43. Pandora denies the allegations made in Paragraph 43 of the Complaint.

44. Pandora denies the allegations made in Paragraph 44 of the Complaint.

45. Pandora denies the allegations made in Paragraph 45 of the Complaint.

46. Pandora denies the allegations made in Paragraph 46 of the Complaint.

47. Pandora denies the allegations made in Paragraph 47 of the Complaint.

WHEREFORE, Pandora requests judgment dismissing *with prejudice* all claims set out in Count IV of the Complaint; awarding Pandora its attorneys' fees and costs; and such other further relief as the Court shall deem appropriate.

### AS TO "COUNT V: BUSINESS/PRODUCT DISPARAGEMENT"

48. Pandora repeats and realleges each of the foregoing responses that it has made in Paragraphs 1-47, inclusive, of the Complaint as if fully set forth herein.

49. Pandora denies the allegations in Paragraph 49 of the Complaint.

WHEREFORE, Pandora requests judgment dismissing *with prejudice* all claims set out in Count V of the Complaint; awarding Pandora its attorneys' fees and costs; and such other further relief as the Court shall deem appropriate.

### AS TO "COUNT VI: TORTIOUS INTERFERENCE WITH ADVANTAGEOUS RELATIONSHIPS"

50. Pandora repeats and realleges each of the foregoing responses that it has made in Paragraphs 1-49, inclusive, of the Complaint as if fully set forth herein.

51. Pandora is without knowledge or information sufficient to form a belief as to the truth of the allegations made in the first sentence of Paragraph 51 of the Complaint; and therefore, denies that and the other allegations made in Paragraph 51.

52. Pandora denies the allegations in Paragraph 52 of the Complaint.

53. Pandora denies the allegations in Paragraph 53 of the Complaint.

54. Pandora denies the allegations in Paragraph 54 of the Complaint.

55. Pandora denies the allegations in Paragraph 55 of the Complaint.

56. Pandora denies the allegations in Paragraph 56 of the Complaint.

WHEREFORE Pandora requests judgment dismissing *with prejudice* all claims made in Count VI of the Complaint; awarding Pandora its attorneys' fees and costs; and such other further relief as the Court shall deem appropriate.

## AS TO "COUNT VII: STATE UNFAIR COMPETITION"

57. Pandora repeats and realleges each of the foregoing responses that it has made in Paragraphs 1-56, inclusive, of the Complaint as if fully set forth herein.

58. Pandora denies the allegations in Paragraph 58 of the Complaint.

WHEREFORE, Pandora requests judgment dismissing *with prejudice* all claims made in Count VII of the Complaint; awarding Pandora its attorneys' fees and costs; and such other further relief as this Court shall deem appropriate.

## AS TO "COUNT VIII: DECLARATORY JUDGMENT"

59. Pandora repeats and realleges each of the foregoing responses that it has made in Paragraphs 1-58, inclusive, of the Complaint as if fully set forth herein.

60. Pandora denies the allegations in Paragraph 60 of the Complaint.

61. Pandora is without knowledge or information sufficient to form a belief as to the truth of the allegations made as to the date Chamilia first began selling jewelry.

62. Pandora denies the allegations made in Paragraph 62 of the Complaint.

63. Pandora denies the allegations made in Paragraph 63 of the Complaint.

64. In response to the allegations made in Paragraph 64 of the Complaint, Pandora has notified Chamilia of the publication of the Patent Pending and has advised Chamilia of the effect of 35 U.S.C. § 154(d) providing for a provisional right to compensation; Chamilia has admitted infringing the copyrights owned by Pandora in a Judgment entered in this Court when it violated the rights of Pandora; except as so stating, Pandora is without knowledge or information sufficient to form a belief concerning the acts or proposed acts of Chamilia with respect to the subject matter of the Patent Pending.

WHEREFORE, Pandora requests judgment dismissing *with prejudice* the request for a Declaratory Judgment and request for injunctive relief as set forth on pages 14 and 15 of Chamilia's Complaint; awarding Pandora its attorneys' fees and costs; and such other further relief as this Court shall deem appropriate.

### AFFIRMATIVE DEFENSES TO ALL COUNTS

65. Chamilia's complaint fails to state a claim for which relief can be granted.

66. Chamilia's complaint fails to establish the proper venue.

### AFFIRMATIVE DEFENSES TO COUNT 1 AND COUNT VII

67. Chamilia's prior action as an admitted infringer of Pandora's U.S. Copyright is a matter of public knowledge with the public filing of the Final Judgment on Consent dated November 24, 2003 in the Southern District of New York.

68. Pandora has a U.S. patent pending which has been published thereby putting the public on notice of the potential for damages from the date of publication pursuant to 35 U.S.C. § 154(d)(1)(A)(B).

69. Chamilia copied the system used by Pandora to string jewelry beads, spacers and clips while in turn forming the same kind of bracelets and necklaces used by Pandora. Such products are known in the industry and to the public as "knock-offs."

70. Any dissemination of information regarding Chamilia's prior copyright infringement and present "knock-off" of Pandora's necklaces and bracelets are accurate statements of facts and, as such, are not actionable under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), or under the principles of common law.

### AFFIRMATIVE DEFENSE TO COUNT II

71. Pandora has a patent pending filed on July 21, 2003 and published by the U.S. Patent and Trademark Office on July 29, 2004, as Publication No. US 2004/0144131-A1 for a unique method of constructing jewelry products.

72. Pandora has the right to identify its product as "patent pending" and has done so pursuant to 35 U.S.C. § 292.

### AFFIRMATIVE DEFENSE TO COUNT III

73. Chamilia has not identified any "title to property" which is recognizable under the law as meriting protection.

74. Even if Chamilia has a claim to a "title," Pandora's statement regarding the "knock-off" character of Chamilia's products are made in good faith and accurately and fairly describe the status of Chamilia's products.

### AFFIRMATIVE DEFENSE TO COUNT IV

75. Pandora has accurately, fairly, and in good faith identified Chamilia's past blatant copyright infringement and the "knock-off" character of Chamilia's products to Pandora's customers.

76. Pandora has a "qualified privilege" to communicate with its customers regarding the past business practices of Chamilia and the status of Chamilia's "knock-off" imitation of Pandora's products.

### AFFIRMATIVE DEFENSE TO COUNT V

77. Chamilia has failed to establish any business relationship with a third party which Pandora intentionally interfered with to injure Chamilia.

78. Pandora accurately, fairly and in good faith identified Chamilia's prior blatant copyright infringement and the present "knock-off" character of Chamilia's products.

### AFFIRMATIVE DEFENSE TO COUNT VI

79. Pandora accurately, fairly and in good faith identified Chamilia's past blatant copyright infringement and the present "knock-off" character of Chamilia's products.

80. Pandora fails to identify any "special damages" including the failure to identify any third parties which ceased to be customers of Chamilia's due to defamatory statements made by Pandora.

CC 1331162v1

WHEREFORE, Pandora requests judgment, dismissing Chamilia's complaint *with prejudice*, and awarding Pandora its attorneys' fees and costs and such other relief as the Court should deem appropriate.

Dated:  New York, New York
September 22, 2004

        Respectfully submitted,

        LATHROP & GAGE L.C.

        By:    /Gianfranco G. Mitrione/
            William R. Hansen (WH 9446)
            Gianfranco G. Mitrione (GM 8618)
            Bernadette McGlynn Reilly (BR 4117)
            230 Park Avenue, Suite 1847
            New York, New York  10169

            Attorneys for Defendants
            Pandora Jewelry, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of September, 2004, I electronically filed the foregoing **ANSWER TO COMPLAINT** with the clerk of the court by using the CM/ECF system.

I further certify that on the 22nd day of September, 2004, I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

        Dylan D. Smith (DS-6740)
        VERRILL & DANA, LLP
        One Portland Square, P.O. Box 586
        Portland, Maine 04112
            Attorneys for Plaintiff

           /Gianfranco G. Mitrione/
        An Attorney for Defendant