# Chamilia™

Home > Beads

## Beads

| **G Series**-Sterling Silver | **H Series**-Zodiac Symbol in Sterling Silver | **I Series**-Birth Stone in Sterling Silver | **J Series**-Sterling Silver with Gem | **K Series**-Sterling Silver with 14k Gold | **L Series**-14k Gold



H-10

H-11

H-12

I-1

I-2

I-3

I-4

I-5

I-6

I-7

I-8

I-9

I-10

I-11

I-12

J-1

J-2

J-3

Previous 18 Next 18

Chamilia™

Home > Beads

## Beads

| G Series-Sterling Silver | H Series-Zodiac Symbol in Sterling Silver | I Series-Birth Stone in Sterling Silver | J Series-Sterling Silver with Gem | K Series-Sterling Silver with 14k Gold | L Series-14k Gold



J-4    J-5    J-6    J-7    J-8    J-9

J-10    J-11    J-12    J-13    K-1    K-2

K-3    K-4    K-5    K-6    K-7    K-8

Previous 18 Next 18

Chamilia™

Home > Beads

## Beads

| G Series-Sterling Silver | H Series-Zodiac Symbol in Sterling Silver | I Series-Birth Stone in Sterling Silver | J Series-Sterling Silver with Gem | K Series-Sterling Silver with 14k Gold | L Series-14k Gold

K-9

L-4

K-10

L-5

K-11

L-6

L-1

L-7

L-2

L-8

L-3

Previous 18

Chamilia™

Home > Spacers

**Spacers**
| **P Series**-Sterling Silver | **Q Series**-14k Gold



P-6



P-5



P-4



P-3    Q-3



P-2    Q-2



P-1    Q-1

Page 1 of 1

Chamilia™

Home > Clips

**Clips**

| M Series-Sterling Silver | N Series-Sterling Silver & 14k Gold | O Series-14k Gold



O-1



N-2



N-1




M-3




M-2



M-1

9/9/2003

http://www.chamilia.com/catalog2/default.asp?id=30

9/9/2003

*Coming Soon*



Exhibit 6

# William S. Ramsey, P.C.
### INTELLECTUAL PROPERTY LEGAL COUNSEL

5253 Even Star Place
Columbia, MD 21044

www.williamramseylaw.com

Phone 410-740-2225
Fax 410-730-9467

August 26, 2003

Chamilia LLC
64-09 Booth Street
Second Floor
Rego Park, NY 11374

By Certified Mail

Re:    **CEASE AND DESIST DEMAND**
       **Our Client's Property: PANDORA Necklaces and Bracelets**

Dear Sir or Madam:

William S. Ramsey, P.C., represents Pandora Jewelry LLC, 10015 Old Columbia Road, Suite B-215, Columbia, MD 21046 (PANDORA). As you may know, PANDORA is a manufacturer and purveyor of jewelry, in particular, necklaces and bracelets which incorporate, among other elements, keepers which interact with bands fixed to the strands, and which prevent the bunching of beads strung on the necklace or bracelet. PANDORA has filed a nonprovisional U.S. Patent Application which protects the functional aspects of the necklaces and bracelets. In addition, PANDORA owns trademark and copyright rights in their necklaces and bracelets.

PANDORA is now aware that Chamilia LLC, a business operating out of 64-09 Booth Street, Second Floor, Rego Park, NY 11374 (CHAMILIA) is making, using, offering to sell, or selling necklaces and bracelets in the United States which appear to utilize substantially the same construction and perform substantially the same functions as PANDORA'S patent applied for necklaces and bracelets.

In addition, CAMILIA'S necklaces and bracelets appear to so closely resemble PANDORA'S products as to cause the likelihood of confusion concerning the origin of CAMILIA'S products and thereby raises the possibility of infringement of PANDORA'S trademarks.

In addition, CHAMILIA'S necklaces and bracelets appear to be substantially similar to copyright protected aspects of PANDORA'S products. Since access to

1

PANDORA'S products has been established by widespread public sale, the possibility of infringement of PANDORA'S copyrights is also raised.

In addition, CHAMILIA actions may be actionable under the following causes of action: unfair competition under federal and state law, false designation of origin, and false advertising, which can result in statutory and punitive damages, lost profits, and costs thereof.

You should be aware that PANDORA has invested significant effort and expense in the research, development and patenting and the creation of distinctive and creative elements of these necklaces and bracelets, and considers the patent application and other intellectual property covering such products to be an important and highly valuable asset. PANDORA accordingly has significant business interests in protecting the proprietary technology covered by this U.S. Patent application and other intellectual property rights. As a matter of principle and policy, therefore, PANDORA vigorously defends and protects its intellectual property rights and is quite willing and committed to pursuing any and all infringements of these rights to the fullest extent possible.

Accordingly, PANDORA demands that:

(1)     CHAMILIA immediately cease and desist all commercial activity which would infringe any of PANDORA'S intellectual property rights;

(2)     CHAMILIA provide complete information as to the design and operation of the CHAMILIA necklaces and bracelets, including any drawings and system descriptions;

(3)     CHAMILIA provide a complete accounting of all necklaces and bracelets manufactured, imported, and sold, which accounting must include an identification of the customers, prices charged, and profits generated from such sales for all necklaces and bracelets made, imported, offered for sale, or sold by or on behalf of CHAMILIA, and your franchisee or affiliated entities.

Because many of the improper uses of our client's intellectual property are being used on the internet, it is our position that we are being greatly damaged every minute these uses are permitted to continue. Further, we realize that such electronic uses may be immediately removed from your website with little effort. Therefore, we demand a written response hereto that CHAMILIA confirms the above demands and has taken steps to remove the objectionable uses of our client's trademark from its website within fifteen (15) days.

Please respond to this letter within fifteen (15) days by providing your assurances that CHAMILIA: (1) discontinued the making, use, offering for sale, sale or importation of all necklaces and bracelets and components that would fall within the scope of

PANDORA'S intellectual property. As a further part of this response, I request that CHAMILIA provide the complete product, sales and other related information requested above. You should be aware that if I do not have a response from you within the requested time, PANDORA will be forced to take all actions necessary and as permitted by law to enforce its rights.

Please contact me or have your legal counsel contact me if you have any questions.

Sincerely,
WILLIAM S. RAMSEY, P.C.

William S. Ramsey
Attorney at Law

cc:
Michael Lund

CEASEAND DESIST

3

**Final Judgment on Consent againt Chamilia LLC
endorsed by Judge Sprizzo on
November 25, 2003**

ORIG

SPRIZZO, J

14

DUANE MORRIS LLP
William R. Hansen (WH-9446)
Gianfranco G. Mitrione (GM-8618)
380 Lexington Avenue
New York, New York 10168
(212) 692-1000
Attorneys for Plaintiffs



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

PANDORA JEWELRY, LLC and
PANDORA SMYKKER USA APS,

                         Plaintiffs,

     -against-

CHAMILIA LLC,

                         Defendant.

-------------------------------------------------------------X

Civil Action No. 03 CIV 7587 (JES)

**FINAL JUDGMENT
ON CONSENT**

The parties to this action having agreed upon a basis for resolving and settling the issues

before this Court, it is:

ORDERED, ADJUDGED AND DECREED:

1.    This Court has jurisdiction over the subject matter of this action and over the

parties hereto who have consented to entry of this judgment.

2.    Plaintiff, Pandora Jewelry, LLC ("Pandora"), is the owner of United States

Copyright Registration Number VA 1-208-549 issued on September 4, 2003 entitled "Pandora

Beads" consisting of designs for silver and 14-karat gold jewelry beads, spacers, clips, bracelets

and necklaces ("PANDORA Jewelry"). Copies of the registration certificate and the underlying

PANDORA Jewelry designs are annexed hereto as Exhibit 1. Plaintiffs have alleged that the

defendant, Chamilia LLC, has violated certain of its rights by manufacturing, promoting,

MICROFILM
DEC - 3 2003
9:02 AM

offering for sale and distributing within this judicial district, jewelry products which copy plaintiffs' copyrighted PANDORA Jewelry designs ("CHAMILIA Jewelry").

3.     This Court granted plaintiffs' application for a temporary restraining order brought on by order to show cause on October 2, 2003 and enjoined the defendant, and any other person acting in concert or participation with it, from, underline{inter alia}, copying plaintiffs' copyrighted PANDORA Jewelry designs and promoting, selling or distributing the CHAMILIA Jewelry.  A copy of the October 2, 2003 temporary restraining order is attached hereto as Exhibit 2.

4.     Final Judgment is hereby entered in favor of Pandora against Chamilia LLC on Count I of the Complaint, for Copyright Infringement, and all other Counts are hereby dismissed subject to Paragraphs 10 and 11 herein.

5.     The defendant hereby consents to a permanent injunction, as provided in 17 U.S.C. § 502, in the form set forth in paragraphs 6, 7 and 8 below.

6.     From the day of entry of this consent judgment, the defendant, its agents, servants, employees, attorneys and any person acting in concert or participation with any of them are hereby permanently restrained from copying, manufacturing, promoting, selling and distributing any of plaintiffs' copyrighted PANDORA Jewelry designs as set forth in U.S. Copyright Registration Number VA 1-208-549 and as depicted in Exhibit 1 hereto.

7.     At the time of execution of this consent judgment, defendant shall pay over as an advance for the accounting to be done pursuant to paragraph 8(b) the amount of $110,000.

8.     Within ten (10) days of the execution of this consent judgment, defendant shall:

(a)     account for all infringing jewelry imported into the U.S. and supply all U.S. Customs forms and declarations to the attorneys for plaintiffs in order to confirm the total number of infringing jewelry imported into the U.S.;

2

(b)     as provided in 17 U.S.C. § 504 account for and pay over to plaintiffs one half of defendant's gross sales of its CHAMILIA Jewelry products in an amount no less than $110,000.00;

(c)     melt down into bullion or otherwise destroy any and all existing inventory of the CHAMILIA Jewelry products in the possession of the defendant or any of its principals;

(d)     provide plaintiffs with the identity and location of the factory(ies) which produced the CHAMILIA Jewelry products for the defendant; and

(e)     provide plaintiffs with the identity and location of defendant's customers and distributors of the CHAMILIA Jewelry products.

9.      Within twenty (20) days of execution of this Final Judgment on Consent, defendant shall submit a written undertaking to the plaintiffs, which may be filed with the Clerk of this Court, stating under oath that any and all manufacture, promotion and sale of the CHAMILIA Jewelry products has ceased; existing inventory of the CHAMILIA Jewelry products have been melted down or otherwise destroyed and that defendant is in full compliance with all the terms of this Final Judgment on Consent.

10.     In the event of a default or breach of any material provisions of this Final Judgment on Consent by the defendant at any time during the duration of Copyright VA 1-208-549, defendant consents to the jurisdiction of this Court to hear any allegation that the permanent injunction has been violated. If such violation is found, plaintiffs shall be entitled to all costs and expenses including attorneys' fees arising out of said default or breach, paid or incurred by plaintiffs in enforcing and in obtaining defendant's full performance of this Final Judgment on Consent in addition to any fines, damages or injunctive relief awarded by this Court. If violation

3

of this Final Judgment on Consent is not found, plaintiff shall pay to defendant all costs and expenses including attorneys' fees arising out of defendant's efforts in defending such action.

11.     This Final Judgment on Consent is in full settlement of all claims and defenses by and between the parties hereto with respect to Count I of the Complaint and shall constitute a final adjudication on the merits as to all damages claimed by plaintiffs and defenses which could have been raised by defendant hereto relating to the subject matter in Count I of the plaintiffs' complaint. However, nothing in this Final Judgment on Consent waives plaintiffs' rights under both federal law and the statutory and common law of the State of New York including but not limited to inter alia, an ex parte seizure and/or impoundment order, monetary sanctions and costs, lost profits, treble damages, and punitive damages, should an action or motion be warranted by defendant's future conduct with respect to any acts prohibited by the terms of this Final Judgment on Consent.

12.     The Clerk of the Court is hereby directed to release any undertaking which may have been posted by the plaintiffs pursuant to the October 2, 2003 temporary restraining order issued by this Court.


Dated:  New York, New York
        November 25, 2003


_____
                U.S.D.J.

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON 12·5·03

The parties and their respective attorneys, hereby consent to the entry of the foregoing

judgment.

Dated:  Columbia, Maryland
         November 21, 2003

By: _____

Michael Lund Petersen, for
Pandora Jewelry, LLC and
Pandora Smykker USA Aps

Dated:  New York, New York
         November 24 2003

By: _____

DUANE MORRIS LLP
William R. Hansen (WH-9446)
380 Lexington Avenue
New York, New York  10168
(212) 692-1000

Attorneys for Plaintiffs
Pandora Jewelry, LLC and
Pandora Smykker USA Aps

Dated:  New York, New York
         November   , 2003

By: _____

Jeff Julkowski, for
Chamilia LLC

Dated:  New York, New York
         November   , 2003

By: _____

GOODWIN PROCTER  LLP
Ira J. Levy (IL-   )
599 Lexington Avenue
New York, New York  10022
(212) 813-8800

Attorneys for Defendant
Chamilia LLC

NY\235410.1

5

The parties and their respective attorneys, hereby consent to the entry of the foregoing judgment.

Dated:  Columbia, Maryland
       November  , 2003

By:_____
      Michael Lund Petersen, for
      Pandora Jewelry, LLC and
      Pandora Smykker USA Aps

Dated:  New York, New York
       November  , 2003

By:_____
      DUANE MORRIS LLP
      William R. Hansen (WH-9446)
      380 Lexington Avenue
      New York, New York  10168
      (212) 692-1000

      Attorneys for Plaintiffs
      Pandora Jewelry, LLC and
      Pandora Smykker USA Aps

Dated:  New York, New York
       November  , 2003

By:_____
      Jeff Julkowski, for
      Chamilia LLC

Dated:  New York, New York
       November 24, 2003

By:_____
      GOODWIN PROCTER LLP
      Ira J. Levy (IL-2632)
      599 Lexington Avenue
      New York, New York  10022
      (212) 813-8800

      Attorneys for Defendant
      Chamilia LLC

NY\235410.1

Exhibit 1

Additional Certificate (17 U.S.C. 705)

# CERTIFICATE OF REGISTRATION



**OFFICIAL SEAL**

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below.The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
United States of America

**FORM VA**
For — ... of the Visual Arts
UNI
REC

VA 1–208–549

EFFECTIVE DATE OF REGISTRATION

Sept. 4  2003
Month   Day   Year

---

**DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE  USE A SEPARATE CONTINUATION SHEET**

## 1

TITLE OF THIS WORK ▼
PANDORA BEADS

NATURE OF THIS WORK ▼ See Instructions
Jewelry Design

PREVIOUS OR ALTERNATIVE TITLES ▼

PUBLICATION AS A CONTRIBUTION If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared    Title of Collective Work ▼

If published in a periodical or serial give   Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

## 2

**a** NAME OF AUTHOR ▼
Pandora Jewelry, Limited Liability Company

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a work made for hire ?
☒ Yes
☐ No

AUTHOR S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
Domiciled in ▶ United States

WAS THIS AUTHOR S CONTRIBUTION TO THE WORK
Anonymous?    ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes" see detailed instructions

NATURE OF AUTHORSHIP  Check appropriate box(es)  See Instructions
☐ 3 Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2 Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☒ Jewelry design    ☐ Architectural work
☐ Design on sheetlike material

**b** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a work made for hire ?
☐ Yes
☐ No

AUTHOR S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
Domiciled in ▶

WAS THIS AUTHOR S CONTRIBUTION TO THE WORK
Anonymous?    ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No

NATURE OF AUTHORSHIP  Check appropriate box(es)  See Instructions
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2 Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work
☐ Design on sheetlike material

**NOTE**
Under the law the author of a work made for hire is generally the employer not the employee (see instructions) For any work that was made for hire check Yes in the space provided give the employer (or other person for whom the work was prepared) as Author of that part and leave the space for dates of birth and death blank

## 3

**a** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED  This information must be given in all cases
1999    ◀ Year in all cases

**b** DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK  Complete this information ONLY if this work has been published
Month ▶ February  Day ▶ 1  Year ▶ 2000
Denmark    ◀ Nation

## 4

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼
Pandora Jewelry, Limited Liability Company
10015 Old Columbia Road
Suite B-215, Columbia, Maryland 21046

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

APPLICATION RECEIVED
Sept. 4, 2003
ONE DEPOSIT RECEIVED
Sept. 4, 2003
TWO DEPOSITS RECEIVED

FUNDS RECEIVED

---

MORE ON BACK ▶    Complete all applicable spaces (numbers 5-9) on the reverse side of this page

DO NOT WRITE HERE

PANDORA BEADS

0 ⌐⎯⎯⎯⎤ 1 cm

PANDORA BEADS

0    1 cm

 **PANDORA** *Jewelry*

Scandinavian Design

Suggested retail prices in USD

Page 2.

## Zodiac - sterling silver $13.


Capricorn
79141


Aquarius
79142


Pisces
79143


Aries
79144


Taurus
79145


Gemini
79146


Cancer
79147


Leo
79148


Virgo
79149


Libra
79150


Scorpio
79151

Sagittarius
79152

## Birth stone - sterling silver $21.




January
Garnet
79166 Gr


February
Amethyst
79166 Am


March
Aquamarine
79166 Aq


April
Quarz
79166 Bk


May
Chrysoprase
79166 Ch


June
Pearl
79166 P


July
Carneol
79166 K


August
Peridot
79166 Pe


September
Coral
79166 Ko


October
Turmaline
79166 Tu


November
Amber
79166 R


December
Lapis
79166 L

## Beads with gem - sterling silver


79120 Cz
$25.


79120 pCz
$26.

79127 Gr
$26.

79127 Pe
$25.


79134 Cz
$25.


79134 pCz
$26.

79160 Cz
$30.

79160 aCz
$30.


79150 aCz
$30.


79170 Cz
$26.

79170 aCz
$26.


79172 Cz
$30.

79172 pCz
$30.

79182 Cz
$32.

79185 Cz
$25.

79217 Ms
$26.


79132 P
$18.


79195 Cz
$25.

79196 aCz
$26.

79208 lCz
$30.

## Beads - 14k gold

75117
$120.

75119
$120.

75120
$95.

75121
$125.

75201
$100.


75215 Cz
$124.


75215 aCz
$124.

75198
$109.

75122
$89.

75130
$50.

75131
$50.


75199
$40.

75203
$75.



Scandinavian Design

Suggested retail prices in USD

Page 3.

## Beads - sterling silver with 14k gold

       

| 79118 | 79122 | 79125 | 79139 | 79153 | 79164 D with | 79167 | 79168 |
| $58. | $34. | $28. | $51. | $36. | diamonds $94. | $37. | $27. |

       

| 79169 | 79173 | 79178 | 79179 | 79184 | 79188 Cz | 79200 | 79207 Cz |
| $50. | $48. | $59. | $96. | $35. | $45. | $36. | $57. |

| 79207 pCz | 79209 D with |
| $57. | diamonds $94. |

## Clips

     

| 79138 | 79153 | 79210 | 79140 | 79218 | 75118 |
| $16. each | $16. each | $16. each | with 14k gold | with 14k gold | 14k gold |
| | | | $47. each | $28. each | $115. each |

## Bracelets and Necklaces in sterling silver (regular and oxidized)



59700(hv) bracelet 6.7, 7.1, 7.5, 7.9, 8.3, 8.7 inch $17.

59700 chain 6.7, 7.1, 7.5, 7.9, 8.3, 8.7 $17.

59700(hv) chain 15.8, 16.5, 17.8 inch $33, 19.7 inch $38.

59700 chain 15.8, 16.5, 17.8 inch $33, 19.7 inch $38.

59702(hv) bracelet 6.7, 7.1, 7.5, 7.9, 8.3, 8.7 inch $30.

59702 chain 6.7, 7.1, 7.5, 7.9, 8.3, 8.7 inch $30.

59702(hv) chain 15.8, 16.5, 17.8, 19.7 inch $50.

59702 chain 15.8, 16.5, 17.8, 19.7 inch $50.

59702(hg) bracelet with 14k gold snap 6.7, 7.1, 7.5, 7.9, 8.3, 8.7 inch $125.

59702(g) chain with 14k gold snap 6.7, 7.1, 7.5, 7.9, 8.3, 8.7 $125.

59702(hg) chain with 14k gold snap 15.8, 16.5, 17.8 inch $145, 19.7 inch $148.

59702(g) chain with 14k gold snap 15.8, 16.5, 17.8 inch $145, 19.7 inch $148.

PANDORA  BEADS

|‾‾‾‾|  cm
0 |

Exhibit 2

(a)    directly or indirectly infringing plaintiffs' copyrights in the PANDORA Beads or continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any works derived or copied from the PANDORA Beads or to participate or assist in any such activity;

(b)    continuing to market, offer, sell, dispose of, license, transfer, exploit, advertise, reproduce, develop or manufacture any products that bear, contain or incorporate any unauthorized copy or reproduction of the copyrighted PANDORA Beads or any design substantially similar thereto or derived therefrom;

(c)    using any counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of plaintiffs' Pandora trade dress in any manner or form, on or in connection with any business, products or services, or in the marketing, advertising and promotion of same;

(d)    imitating, copying or making any unauthorized use of the Pandora trade dress or any copy, simulation, variation or imitation thereof;

(e)    making or displaying any statement or representation that is likely to lead the public or the trade to believe that defendant's goods are in any manner associated or affiliated with or approved, endorsed, licensed, sponsored, authorized or franchised by or are otherwise connected with plaintiffs;

(f)    using or authorizing any third party to use in connection with the rendering, offering, advertising, or promotion of any goods, any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices or trade dress which falsely associate such goods or services with plaintiffs or tend to do so;

(g)    diluting the distinctive quality of plaintiffs' Pandora trade dress;

(h)    engaging in any other activity constituting unfair competition with plaintiffs, or constituting an infringement of plaintiffs' Pandora trade dress, or of plaintiffs' rights therein; and

(i)    aiding, assisting or abetting any other party in doing any act prohibited by sub-paragraphs (a) through (h).

IT IS FURTHER ORDERED that the Temporary Restraining Order shall remain in effect until the Court renders a decision on the merits of the relief sought by the Order to Show Cause set forth below, or such further date as set by the Court, unless defendants, or any of them, so stipulate or have not objected to the relief requested.

IT IS FURTHER ORDERED that this Court hereby issues an order pursuant to 17 U.S.C. § 503 directed to the U.S. Marshal for the district or other law enforcement officer where articles to be seized are located, directing the Marshal or other law enforcement officer to immediately go to the premises located at 64-09 Booth Street, Second Floor, Rego Park, NY 11374.

a.    to seize, hold, and impound all catalogues and all jewelry beads bearing the infringing designs;

b.    to seize and hold, subject to the further order of this Court, all advertising and promotional material relating to

c.    to serve on the defendants and on any person in whose possession any infringing articles are found, a copy of this Impoundment Order, and of the Complaint filed in this action on September 25, 2003, and a copy of the Declarations of Michael Lund and William R. Hansen, and exhibits thereto, and on which this Order is based, a copy of the motion papers filed with the Court on October 2, 2003 and a copy of the bond in the amount ordered herein be filed on or before _____, 2003. Plaintiffs' counsel shall supply the Clerk of this Court

sufficient copies of all these papers so that the Clerk may supply them to the Marshal or other

law enforcement officer who will serve them with this Order of Impoundment and Seizure and

provide these copies to the Clerk as soon as possible after this Order is signed.

        d.      to file with this Court a proof of service or return on service indicating

who was served by whom, when service occurred and by what manner.

        e.      to attach to all seized articles a tag or label stating the fact of the seizure

and warning all persons from interfering with the seizure in any manner.

        IT IS FURTHER ORDERED, that defendants or their attorneys show cause at a motion

part of this Court to be held before the Hon. John E. Sprizzo, in Courtroom 705 of the U.S.

District Court, Foley Square, 40 Centre Street, New York, New York on the 7 day of October

2003, at 11: A.M. o'clock . m. or as soon thereafter as counsel can be heard, why the Order of

Impoundment and Seizure pursuant to 17 U.S.C. § 503 and Rule 65 of the Federal Rules of Civil

Procedure to seize and impound all articles infringing plaintiffs' copyright and trade dress, the

Recall Order to recall immediately any and all infringing jewelry beads, which are currently in

the possession of defendants, their officers, directors, agents, servants, employees and attorneys

and all persons in active concert and participation with them, were improperly issued; and why

an order should not be issued granting a Preliminary Injunction pursuant to Rule 65 of the

Federal Rules of Civil Procedure, enjoining and restraining defendants, their officers, directors,

agents, servants, employees and attorneys and all persons in active concert and participation with

any of them preliminarily, pending the trial and determination of this action and until further

order of this Court, from, in any manner taking any action listed above in the Temporary

Restraining Order and requiring them to take all actions directed above in the Temporary

Restraining Order.

IT IS FURTHER ORDERED that service of this Order and all documents supporting the

request for a Preliminary Injunction and Impoundment be made on Ira J. Levy, Esq., Goodwin,

Procter, counsel for defendant at their offices at 599 Madison Avenue, New York, New York on

_____ 2003 by _____ p.m. by hand delivery which will be sufficient

service.

IT IS FURTHER ORDERED that plaintiff furnish a bond or surety in the sum of $ 10,000

( Ping 10-8-03 at 5:00 PM )

which is deemed adequate security for payment of damages and costs which may be incurred by

defendant if it is finally determined that the relief granted herein was improvidently granted.

IT IS FURTHER ORDERED that opposition papers, if any, be served by counsel for

defendant by hand delivered to counsel for plaintiff no later than ___ p.m. on _____, 2003.

IT IS FURTHER ORDERED, that plaintiffs are given leave to amend the Complaint to

name additional parties as defendants, to correct misnomers and to identify other works alleged

to have been infringed by defendant.

IT IS FURTHER ORDERED, that the parties on behalf of whom the order is being

issued, are authorized under the supervision and with the assistance of the U.S. Marshal, to take

all necessary steps to secure and impound the following property:

(a)    all infringing beads which infringe the plaintiffs' copyright attached hereto

as Exhibit A and

(b)    all advertising and promotional material relating to the infringing beads

held by the defendant that may be found on the premises located at 64-09 Booth Street, Second

Floor, Rego Park, NY 11374, including breaking open, entering and searching for said property

and placing it with an appropriate storage facility; and it if further

ORDERED that anyone interfering with the execution of this Order is subject to arrest by the United States Marshal and/or his or her representative; and it is further

ORDERED that Pandora, on whose behalf the court issues this Order, will account completely for all property impounded pursuant to this order and shall compile a written inventory of all such property and shall provide a copy to the U.S. Marshal, who shall include such a copy with his return to the court; and it is further

ORDERED that Pandora, on whose behalf the Court issues this Order, will act as substitute custodian of any and all property seized pursuant to this Order and shall hold harmless the U.S. Marshals Service and its employees from any and all claims, asserted in any court or tribunal, arising from any acts, incidents, or occurrences in connection with the seizure and possession of the defendant property, including any third-party claims.


Dated:  New York, New York
        October 2, 2003

        6:00 P.M


                                            _____
                                            United States District Judge

Exhibit A

Additional Certificate (17 U.S.C. 705)

# CERTIFICATE OF REGISTRATION



UNITED STATES COPYRIGHT OFFICE ★ THE LIBRARY OF CONGRESS

OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
*United States of America*

**FORM VA**
For a Work of the Visual Arts
UNI
REC

VA 1-208-549

(VA)

EFFECTIVE DATE OF REGISTRATION

Sept. 4  2003
Month   Day   Year

---

**DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE  USE A SEPARATE CONTINUATION SHEET**

## 1

**TITLE OF THIS WORK ▼**

PANDORA BEADS

**NATURE OF THIS WORK ▼** See Instructions

Jewelry Design

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared  **Title of Collective Work ▼**

If published in a periodical or serial give  **Volume ▼**   **Number ▼**   **Issue Date ▼**   **On Pages ▼**

---

## 2

**a**  **NAME OF AUTHOR ▼**

Pandora Jewelry, Limited Liability Company

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a work made for hire ?
☒ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in▶ United States

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes" see detailed instructions

**NATURE OF AUTHORSHIP** Check appropriate box(es)  See Instructions
☐ 3 Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2 Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☒ Jewelry design   ☐ Architectural work
☐ Design on sheetlike material

**NOTE**

Under the law the "author" of a "work made for hire" is generally the employer not the employee (see Instructions) For any part of this work that was made for hire check "Yes" in the space provided give the employer (or other person for whom the work was prepared) as "Author" of that part and leave the space for dates of birth and death blank

**b**  **NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a work made for hire ?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes" see detailed instructions

**NATURE OF AUTHORSHIP** Check appropriate box(es)  See Instructions
☐ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work
☐ Design on sheetlike material

---

## 3

**a**  **YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED**  This information must be given  ◀Year▶ in all cases

1999

**b**  **DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK**  Complete this information ONLY if this work has been published

Month▶ February  Day▶ 1  Year▶ 2000

Denmark  ◀Nation

---

## 4

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2 ▼

Pandora Jewelry, Limited Liability Company
10015 Old Columbia Road
Suite B-215, Columbia, Maryland 21046

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

**APPLICATION RECEIVED**
Sept 4, 2003

**ONE DEPOSIT RECEIVED**
Sept. 4, 2003

**TWO DEPOSITS RECEIVED**

**FUNDS RECEIVED**

DO NOT WRITE HERE  OFFICE USE ONLY

---

**MORE ON BACK ▶**   Complete all applicable spaces (numbers 5-9) on the reverse side of this page   See detailed instructions   Sign the form at line 8

DO NOT WRITE HERE



# PANDORA

PANDORA  BEADS

```
  ┌─────────────┐
  0             1  cm
```

 **PANDORA** *Jewelry*

Scandinavian Design

| Suggested retail prices in USD | Page 1. |
| --- | --- |

## Beads - sterling silver


79112
$13.


79113
$13.


79114
$13.

 
79115
$13.


79116
$13.


79117
$13.


79119
$13.

79121
$13.


79123
$13.


79124
$13.


79126
$13.


79128
$13.


79129
$13.

 
79135
$13.


79136
$13.

79137
$13.


79157
$13.


79158
$13.


79159
$13.


79161
$13.


79162
$13.


79165
$13.


79171
$13.

79174
$13.


79175
$13.


79186
$13.


79187
$13.


79189
$13.


79202
$13.


79205
$13.


79211
$13.

79212
$13.


79213
$13.


79214
$13


Eternity
79190
$13.


Peace
79191
$13.


Harmony
79192
$13.


Love
79193
$13.


Happiness
79194
$13.


Friendship
79195
$13.

 
79133
$21.


79183
$21.

## Spacers - sterling silver


79100
$5.


79101
$5.


79102
$5.


79103
$5.

 
79104
$5.


79154
$7.


79155
$7.

79156
$7.


79176
$7


79177
$7.

79181
$7.

79197
$7.

79204
$7.

79206
$7.

PANDORA BEADS

0    1 cm



Scandinavian Design

| Suggested retail prices in USD | Page 2. |

## Zodiac - sterling silver $13.

   

Capricorn 79141 | Aquarius 79142 | Pisces 79143 | Aries 79144

   

Taurus 79145 | Gemini 79146 | Cancer 79147 | Leo 79148

   

Virgo 79149 | Libra 79150 | Scorpio 79151 | Sagittarius 79152

## Birth stone - sterling silver $21.

   

January Garnet 79155 Gr | February Amethyst 79155 Am | March Aquamarine 79155 Aq | April Quartz 79155 Bk

   

May Chrysoprase 79155 Ch | June Pearl 79155 P | July Cameol 79155 K | August Peridot 79155 Pe

   

September Coral 79155 Ko | October Turmaline 79155 Tu | November Amber 79155 R | December Lapis 79155 L

## Beads with gem - sterling silver

       

79120 Cz $26. | 79120 pCz $26. | 79127 Gr $26. | 79127 Pe $26. | 79134 Cz $25. | 79134 pCz $26. | 79160 Cz $30. | 79160 pCz $30.

       

79160 aCz $30. | 7917D Cz $26. | 79170 pCz $26. | 79172 Cz $30. | 79172 pCz $30. | 79182 Cz $32. | 79185 Cz $25. | 79217 Ms $26.

   

79137 P $19. | 79195 Cz $26. | 79195 pCz $26. | 79206 ICz $30.

## Beads - 14k gold

  

75117 $120. | 75119 $120. | 75120 $95. | 75121 $125. | 75201 $100. | 75215 Cz $124. | 75215 aCz $124. | 75133 $109.

  

75122 $69. | 75130 $50. | 75131 $50. | 75199 $40. | 75203 $75.

0    1 cm



Scandinavian Design

Suggested retail prices in USD

Page 3.

## Beads - sterling silver with 14k gold


79115
$58.


79122
$34.

79125
$28.

79139
$51.


79153
$36.


79154 D with diamonds $94.


79167
$37.


79166
$27.



79169
$50.


79173
$48.


79178
$55.

79179
$96.


79154
$35.


79188 Cz
$45.


79200
$36.


79207 Cz
$57.


79207 pCz
$57.

79209 D with diamonds $94.

## Clips


79138
$16. each


79163
$16. each


79210
$16. each


79140
with 14k gold
$47. each


79216
with 14k gold
$28. each


75118
14k gold
$115. each

## Bracelets and Necklaces in sterling silver (regular and oxidized)



59700(hv) bracelet 6.7, 7.1, 7.5, 7.9, 8.3 & 8.7 inch $17.

59700 chain 6.7, 7.1, 7.5, 7.9, 8.3 & 8.7 $17.

59700(hv) chain  15.8, 16.6, 17.8 inch $33, 19.7 inch $38.

59700 chain 15.8, 16.6, 17.8 inch $33, 19.7 inch $38.

59702(hv) bracelet 6.7, 7.1, 7.5, 7.9, 8.3 & 8.7 inch $30.

59702 chain 6.7, 7.1, 7.5, 7.9, 8.3 & 8.7 inch $30.

59702(hv) chain  15.8, 16.6, 17.8 inch $39.8, 7 inch $50.

59702 chain 15.8, 16.6, 17.8 inch $39.8, 7 inch $50.

59702(hg) bracelet with 14k gold snap 6.7, 7.1, 7.5, 7.9, 8.3 & 8.7 inch $125.

59702(g) chain with 14k gold snap 6.7, 7.1, 7.5, 7.9, 8.3 & 8.7 $125.

59702(hg) chain with 14k gold snap  15.8, 16.6, 17.8 inch $145, 19.7 inch $148.

59702(g) chain with 14k gold snap 15.8, 16.6, 17.8 inch $145, 19.7 inch $148.

PANDORA BEADS

0 �702 1 cm

**EXHIBIT J**

CLOSED

DUANE MORRIS LLP
Walter J. Greenhalgh, Esq. (WG-9614)
Jerry A. Cuomo, Esq. (JC-4253)
744 Broad Street, Suite 1200
Newark, New Jersey 07102-3889
(973) 424-2000
Attorneys for Plaintiffs

RECEIVED

**MN** ? 8 2?? ·

AT 8:30 _____ N
WILLIAM T. WALSH, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

-----------------------------------------------------------X
PANDORA JEWELRY, LLC and                    :
PANDORA SMYKKER USA APS,                    :
                                            :
                            Plaintiffs,     :
                                            :
            -against-                       :     Civil Action No. 03-5220 (JLL)
                                            :
JASON ADAMS, individually,                  :     STIPULATION AND ORDER OF
JASON ADAMS conducting business as          :     SETTLEMENT AND
CHAMILIA BEADED CHARMS,                      :     DISMISSAL AS TO
and DOES 1-20,                              :     JASON ADAMS
                                            :
                            Defendants.     :
-----------------------------------------------------------X

The parties, Pandora Jewelry, LLC and Pandora Smykker USA APS, on the one hand,

and Jason Adams, individually, on the other hand, having agreed upon a basis for resolving and

settling the issues before this Court, it is:

ORDERED, ADJUDGED AND DECREED:

1.      This Court has jurisdiction over the subject matter of this action and over the

parties hereto who have consented to entry of this judgment.

2.      Plaintiff, Pandora Jewelry, LLC ("Pandora"), is the owner of United States

Copyright Registration Number VA 1-208-549 issued on September 4, 2003 entitled "Pandora

Beads" consisting of designs for silver and 14-karat gold jewelry beads, spacers, clips, bracelets

and necklaces ("PANDORA Jewelry"). Copies of the registration certificate and the underlying PANDORA Jewelry designs are annexed hereto as Exhibit 1.

3.      Plaintiffs have alleged that the Defendant Adams, has violated certain of its rights by promoting, offering for sale and distributing within this judicial district, jewelry products which copy plaintiffs' copyrighted PANDORA Jewelry designs ("CHAMILIA Jewelry"). This Court granted plaintiffs' application for a temporary restraining order brought on by order to show cause on November 7, 2003 and enjoined the defendants, and any other person acting in concert or participation with them, from, inter alia, copying plaintiffs' copyrighted PANDORA Jewelry designs and promoting, selling or distributing the CHAMILIA Jewelry. A copy of the November 7, 2003 temporary restraining order is attached hereto as Exhibit 2.

4.      On November 21, 2003, upon Defendant Adams' voluntary consent, this Court granted plaintiffs a Preliminary Injunction against Defendant Adams.

5.      Without admitting any liability, the Defendant Adams hereby consents to a permanent injunction, as provided in 17 U.S.C. § 502, in the form set forth in paragraph 8 below.

6.      Plaintiffs will not seek any additional sanctions against Defendant Adams except as outlined below, unless Defendant Adams violates the terms of the permanent injunction.

7.      Plaintiffs hereby dismiss their claims against Defendant Adams with prejudice except as to any future contempt actions.

8.      From the day of entry of this Stipulation and Order of Settlement, Defendant Adams, his agents, servants, employees, attorneys and any person acting in concert with Defendant Adams are hereby permanently restrained from copying, manufacturing, promoting, selling and distributing any of plaintiffs' copyrighted PANDORA Jewelry designs as set forth in

2

U.S. Copyright Registration Number VA 1-208-549 and as depicted in Exhibit 1 hereto and from:

       (a)     directly or indirectly infringing plaintiffs' copyrighted PANDORA Jewelry designs or continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any works derived or copied from the PANDORA Jewelry designs or to participate or assist in any such activity;

       (b)     continuing to market, offer, sell, dispose of, license, transfer, exploit, advertise, reproduce, develop or manufacture any products that bear, contain or incorporate any unauthorized copy or reproduction of the copyrighted PANDORA Jewelry designs or any design substantially similar thereto or derived therefrom;

       (c)     using any counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of plaintiffs' Pandora trade dress in any manner or form, on or in connection with any business, products or services, or in the marketing, advertising and promotion of same;

       (d)     imitating, copying or making any unauthorized use of the Pandora trade dress or any copy, simulation, variation or imitation thereof;

       (e)     making or displaying any statement or representation that is likely to lead the public or the trade to believe that defendants' goods are in any manner associated or affiliated with or approved, endorsed, licensed, sponsored, authorized or franchised by or are otherwise connected with plaintiffs;

       (f)     using or authorizing any third party to use in connection with the rendering, offering, advertising, or promotion of any goods, any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices or trade dress which falsely associate such goods or services with plaintiffs or tend to do so;

3

(g)    engaging in any other activity constituting an infringement of plaintiffs' Pandora trade dress, or of plaintiffs' rights therein; and

(h)    aiding, assisting or abetting any other party in doing any act prohibited by sub-paragraphs (a) through (g).

10.    In the event of a default or breach of any material provisions of this Stipulation and Order of Settlement by Defendant Adams, Defendant Adams consents to the jurisdiction of this Court to hear any allegation that the permanent injunction has been violated. If such violation is found, plaintiffs shall be entitled to all costs and expenses including attorneys' fees arising out of said default or breach, paid or incurred by plaintiffs in enforcing and in obtaining Defendant Adams' full performance of this Stipulation and Order of Settlement in addition to any fines, damages or injunctive relief awarded by this Court. If violation of this Stipulation and Order of Settlement is not found, plaintiffs shall pay to Defendant Adams all costs and expenses including attorneys' fees arising out of Defendant Adams' efforts in defending such action.

11.    This Stipulation and Order of Settlement is in full settlement of all claims and defenses by and between the parties hereto with respect to each and every Count of the Complaint and shall constitute a final adjudication on the merits as to all damages claimed by plaintiffs and defenses which could have been raised by Defendant Adams hereto relating to the subject matter of plaintiffs' complaint. However, nothing in this Stipulation and Order of Settlement waives plaintiffs' rights under both federal law and the statutory and common law of the State of New Jersey including but not limited to inter alia, an ex parte seizure and/or impoundment order, monetary sanctions and costs, lost profits, treble damages, and punitive damages, should an action or motion be warranted by Defendant Adams' future conduct with respect to any acts prohibited by the terms of this Stipulation and Order of Settlement.

4

12.    The Clerk of the Court is hereby directed to release any undertaking which may have been posted by the plaintiffs pursuant to the November 7, 2003 temporary restraining order issued by this Court.


Dated:  Newark, New Jersey
        January 26 , 2004

                                        _____
                                                   U.S.D.J.


The parties and their respective attorneys, hereby consent to the entry of the foregoing Order.

Dated:  Columbia, Maryland
        January 22, 2004                By: _____
                                        Michael Lund Petersen, for
                                        Pandora Jewelry, LLC and
                                        Pandora Smykker USA Aps


Dated:  Newark, New Jersey
        January 23, 2004

                                        By: _____
                                        DUANE MORRIS LLP

                                        Walter J. Greenhalgh, Esq. (WG-9614)
                                        Jerry A. Cuomo, Esq. (JC-4253)
                                        744 Broad Street, Suite 1200
                                        Newark, New Jersey 07102-3889
                                        (973) 424-2000

                                        Attorneys for Plaintiffs
                                        Pandora Jewelry, LLC and
                                        Pandora Smykker USA Aps


5

Dated: ~~Montville~~ Morris town, New Jersey
January 22, 2004

By: _____
Jason Adams

Dated: Morristown, New Jersey
January 22, 2004

By: _____
LAW OFFICE OF JOSEPH A. MOLINARO, ESQ.

Joseph A. Molinaro
67 Park Place
Morristown, NJ 07960
(973) 292-7533

Attorney for Jason Adams, individually

NY\240401.1

6