UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHAMILIA, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PANDORA JEWELRY, LLC, )<br>)<br>Defendant. ) | Civil Action No.: 04-CV-06017 (KMK) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS REQUEST FOR
RELIEF UNDER RULE 56(f) AND IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiff Chamilia, LLC ("Chamilia") hereby responds to Defendant's Motion for Summary Judgment dated January 14, 2005 (Docket No. 15). For the reasons set forth below and in the accompanying Declaration of James G. Goggin ("Goggin Decl."), Pandora's motion should be denied pursuant to Federal Rule of Civil Procedure 56(f).

## ARGUMENT

The Second Circuit has cautioned repeatedly that, as a general rule, summary judgment may be granted only <u>after</u> a party has had a reasonable opportunity to conduct discovery:

> [S]ummary judgment should only be granted if *after discovery*, the nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof. The nonmoving party must have had the opportunity to discover information that is essential to his opposition to the motion for summary judgment. Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery.

<u>Hellstrom v. U.S. Dep't of Veterans Affairs</u>, 201 F.3d 94, 97 (2d Cir. 2000) (italics in original) (internal quotations and citations omitted); <u>see also</u> <u>Miller v. Wolpoff & Abramson, L.L.P.</u>, 321 F.3d 292, 303-04 (2d Cir. 2003) ("'Fed. R. Civ. P. 56(f) provides . . . that when a party facing an adversary's motion for summary judgment reasonably advises the court that it needs discovery to

be able to present facts needed to defend the motion, the court should defer decision of the motion until the party has had the opportunity to take discovery and rebut the motion.") (citing Commercial Cleaning Servs., L.L.C. v. Colin Serv. Sys., Inc., 271 F.3d 374, 386 (2d Cir. 2001)); Meloff v. New York Life Ins. Co., 51 F.3d 372, 374-76 (2d Cir. 1995) (reversing grant of summary judgment where plaintiff had not had opportunity to conduct depositions and received answers to paper discovery just two days before deadline for response to motion for summary judgment).

This Court only recently entered a scheduling order, negotiated by the parties, that sets deadlines of May 16, 2005 for the close of discovery and June 15, 2005 for the filing of dispositive motions. Chamilia served document requests and interrogatories on December 23, 2004, but has yet to receive Pandora's responses, which are due three days from the date of this Memorandum. Goggin Decl. ¶ 7. Chamilia has not yet had the opportunity to conduct depositions. Id. ¶ 10. Chamilia has requested dates for depositions[1] by letter dated January 14, 2005, but has received no response from Pandora. Id. Because discovery is only just beginning, Pandora's motion is premature. The Court should deny the motion on this basis alone.

In any event, the accompanying affidavit from counsel more than satisfies the prerequisites to relief under Rule 56(f). See Meloff, 51 F.3d at 375 (party resisting summary judgment under Rule 56(f) must submit affidavit showing "(1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts") (quoting Hudson River Sloop Clearwater, Inc. v. Dep't of Navy, 891 F.2d 414, 422 (2d Cir. 1989)).

---

[1] Chamilia's letter identified witnesses whom Chamilia seeks to depose. These are the same individuals who have provided declarations in support of Pandora's motion for summary judgment. Id. ¶ 10.

2

First, counsel's affidavit states what facts are sought from Pandora, namely, facts concerning the communications by Pandora's employees and agents concerning Chamilia, the subjective motivations of Pandora's employees and agents, and what Pandora's employees and agents knew about the status and legal effect of their patent application. Goggin Decl. ¶ 4. Counsel's affidavit also states that facts are sought from third party witnesses concerning misrepresentations made to them by Pandora employees or agents, and that such facts would be relevant to Pandora's liability as well as an assessment of damages to Chamilia. Id. ¶ 5.

Second, counsel's affidavit states that Chamilia expects that the facts it seeks in discovery will raise genuine issues of material fact "as to the following relevant questions: whether Pandora made misleading statements about its purported patent rights, whether Pandora possessed facts from which it knew or should have known that its statements concerning its purported patent rights were misleading; whether Pandora made those statements with intent to deceive; whether it acted in bad faith; whether it made defamatory or intentionally false statements to as-yet unidentified third parties; whether it acted solely to harm Chamilia; and the extent to which Chamilia has been damaged by Pandora's actions." Id. ¶ 11. All of these issues are material to the claims in dispute.

Third, counsel's affidavit states that three days after the Court entered the Stipulated Pretrial Scheduling Order agreed to by the parties, counsel for Chamilia served document requests and interrogatories seeking information related to the material issues noted above. Id. ¶¶ 6-9. Counsel also initiated discussions with counsel for Pandora regarding scheduling depositions for those witnesses identified in Pandora's initial disclosures. Id. ¶ 10.

Fourth, counsel's affidavit states that Pandora's deadline for responding to Chamilia's paper discovery requests is Monday, January 24, 2005, and Pandora has not yet responded to the

3

requests.  Id. ¶ 7.  Pandora's counsel has not yet responded to the letter concerning deposition scheduling either, and no depositions have taken place to date.  Id. ¶ 10.

Accordingly, counsel's affidavit more than satisfies the prerequisites to relief under Rule 56(f).  The Second Circuit precedent noted above establishes that, under the circumstances evidenced by counsel's affidavit, relief should be granted to Chamilia under Rule 56(f) and the motion for summary judgment should be denied without prejudice to Pandora to renew it after Chamilia has the opportunity to conduct discovery.  For these reasons, Pandora's numerous arguments in its motion that Chamilia has failed to set forth facts supporting certain elements of its claims are premature.

In addition, although not necessary to the Rule 56(f) issue raised above, Chamilia notes that Pandora makes fundamentally flawed arguments in its motion.  First, Pandora argues that Chamilia cannot rely on evidence that third-party witnesses heard Pandora employees or agents make disparaging remarks about Chamilia because such evidence would be inadmissible hearsay.  Out-of-court statements are hearsay only if they are offered to prove the truth of their content, however.  See Fed. R. Evid. 801(c).  Out-of-court statements offered to prove simply that such statements were made are not hearsay.  See Howley v. Town of Stratford, 217 F.3d 141, 155 (2d Cir. 2000) (testimony based on personal knowledge that out-of-court statements were made is admissible if offered not for truth of statements but to prove that statements were made).  Here, the probative value of third-party witnesses' testimony that Pandora representatives made false, disparaging, or misleading representations to them about Chamilia would not lie in the truth or falsity of such statements, but rather, in the fact that such statements were made by Pandora representatives to those third parties.

4

Second, Pandora insists that any representations made by its employees or agents about "knock off" products manufactured by Chamilia[2] could not be false because Chamilia entered into a consent judgment in a previous lawsuit brought by Pandora alleging copyright infringement by Chamilia. The Chamilia products at issue in this case are not the same as the products which were the subject of the prior action, however, and Pandora has no basis to claim that Chamilia's current products have been determined by a court of law to infringe any copyright or patent of Pandora's, or to be of lesser quality than Pandora's products. Pandora has conceded that it does not have a patent, but only a patent application.[3] At the time Pandora's agents and employees were describing Chamilia's products as "knock offs" and threatening to shut down Chamilia by bringing a patent infringement action against it, Pandora knew that it in fact had no enforceable patent rights.

## CONCLUSION

For the foregoing reasons, Chamilia respectfully requests that the Court "refuse [Pandora's] application for judgment," Fed. R. Civ. P. 56(f), without prejudice to Pandora's right to renew the motion <u>after</u> the close of discovery. In the alternative, Chamilia requests that the Court "order a continuance to permit … discovery to be had," Fed. R. Civ. P. 56(f), and

---

[2] Chamilia has alleged that Pandora has made various false and misleading statements about Chamilia. These statements include not only comments about "knock off" products, but also statements that Chamilia's products were "inferior or shoddy quality merchandise." Compl. ¶ 13 (Docket No. 1). In addition, Chamilia has alleged that Pandora representatives represented to Chamilia employees and customers that Pandora would "shut down" Chamilia by exercising its patent rights. Id. ¶¶ 18, 22. While Pandora has presented declarations stating that such statements were not made, Chamilia anticipates that it will be able to raise a genuine issue of fact as to whether they were made after Chamilia has had an opportunity to conduct discovery.

[3] Even if Pandora's patent application is eventually approved and an actual patent is granted, the final patent may differ significantly from the initial application. As the Court knows, anyone can file a patent application, and it is not until the application has been reviewed and approved by patent examiners, a process that often takes several years, that an application *might* be approved and a patent granted. In the process of review, the Patent Office considers a number of factors to determine if the idea is worthy of patent protection. Many patent applications never make it through the process to become issued patents. Most patents that eventually issue have been changed from the way they were described in the initial application to address concerns raised by the patent examiners in the review process.

5

specifically, order that Chamilia's deadline to oppose the motion for summary judgment be continued until <u>after</u> the close of discovery.

Dated: January 21, 2005

Respectfully submitted,

/s/ James G. Goggin
James G. Goggin (*pro hac vice*)
Peter S. Black (*pro hac vice*)
Dylan Smith (DS 6740)

VERRILL DANA, LLP
One Portland Square
P.O. Box 586
Portland, ME  04112
(207) 774-4000
(207) 774-7499 (fax)

Attorneys for Plaintiff Chamilia, LLC

P:\vwright\chamilia\Rule 56(f) motion.doc