UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHAMILIA, LLC, | ) |
| | ) Civil Action No.: 04-CV-06017 (KMK) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PANDORA JEWELRY, LLC, | ) |
| | ) |
| Defendant. | ) |

## DECLARATION OF JAMES G. GOGGIN PURSUANT TO RULE 56(f)

Pursuant to 28 U.S.C. § 1746, James G. Goggin declares as follows:

1. I am a partner with Verrill Dana, LLP, counsel to plaintiff Chamilia, LLC ("Chamilia") in the above-captioned action. I submit this declaration in support of Chamilia's request for relief under Fed. R. Civ. P. 56(f) and in opposition to the motion for summary judgment of defendant Pandora Jewelry, LLC ("Pandora") dated January 14, 2005.

### RELEVANT FACTUAL ISSUES FOR WHICH DISCOVERY IS NEEDED

2. In general terms, Chamilia's complaint alleges that, with the ultimate aim of putting Chamilia out of business, Pandora misled the public about Chamilia's products and its right to sell them. It alleges that Pandora did so by telling Chamilia's customers—falsely—that Chamilia's jewelry was of inferior or shoddy quality and violated Pandora's patent rights.

3. The complaint asserts eight causes of action, seven of which directly put in issue Pandora's knowledge and/or intentions:

- violation of the Lanham Act (Count I), alleging that Pandora made misrepresentations with "knowledge of the falsity of such representations or with reckless disregard for whether they were true or false, and with the intent to harm" Chamilia;

- false patent marketing (Count II), alleging that Pandora acted with "intent to deceive the public";

- slander of title (Count III), alleging that Pandora acted with bad faith;

- defamation (Count IV ), alleging that Pandora acted with bad faith and intentionally or negligently published false statements;

- business/product disparagement (Count V), alleging that Pandora published false statements deliberately and in bad faith;

- tortious interference (Count VI), alleging that Pandora made misrepresentations solely with the intent to harm Chamilia;

- unfair competition (Count VII), alleging that Pandora acted with bad faith.

4.   Accordingly, Chamilia's claims require inquiry into the content of statements made about Chamilia by Pandora's employees and agents as well as the context in which such statements were made, the subjective motivations of Pandora's employees and agents, and what Pandora's employees and agents knew about the status and legal effect of their patent application.  Since facts bearing on these issues are exclusively within Pandora's possession or control, they can be obtained only through formal discovery.

5.   Further, as noted, the Complaint alleges that Pandora made the above misrepresentations to numerous actual or potential Chamilia customers.  Chamilia requires time to engage in formal and informal discovery from these third parties.  Chamilia anticipates that such discovery will yield information relevant to both liability and damages.  For instance, Pandora submitted declarations in support of its motion for summary judgment which state that Pandora representatives did not make certain alleged statements to third parties.  Chamilia anticipates obtaining discovery from third party witnesses who will testify that such statements were made by Pandora representatives.

**STATUS OF DISCOVERY**

6. On December 20, 2004, the Court entered the Stipulated Pretrial Scheduling Order previously agreed to by the parties. The scheduling order sets deadlines of May 16, 2005 for completing discovery and June 15, 2005 for filing dispositive motions.

7. On December 23, 2004, I served counsel for Pandora with document requests and interrogatories seeking information relevant to the issues outlined above. (True and correct copies of these documents and interrogatories are attached hereto as Exhibits A and B, respectively.) Pandora's responses to these discovery requests are not due until Monday, January 24, 2005, and I have not yet received any responses.

8. Chamilia's document requests seek information directly relevant to its claims. For example, the requests seek documents concerning: communications to distributors, retailers, or customers regarding Chamilia; Pandora's strategies to compete with Chamilia; claims or allegations that Chamilia infringed Pandora's intellectual property rights; the patent pending and the likelihood that it would result in a patent; and Pandora's operational and managerial organization.

9. In accordance with Local Civil Rule 33.3, Chamilia's interrogatories seek only names of witnesses with relevant information and a description of relevant documents. For example, Interrogatory 2 asks Pandora to identify any individuals who participated in communications in which it was alleged that Chamilia's jewelry was a "knock off" of Pandora's jewelry or infringed Pandora's intellectual rights. Interrogatory 4 asks Pandora to identify all persons involved in Pandora's decision to file its patent application. As contemplated by the local rule, Pandora's responses may identify previously unknown witnesses whom Chamilia will seek to depose.

10.     Even though I have not received Pandora's responses to Chamilia's paper discovery requests, I initiated discussions with counsel for Pandora concerning scheduling of depositions for those witnesses identified in Pandora's initial disclosures.  Attached hereto as Exhibit C is a copy of my letter dated January 14, 2005 regarding depositions of Pandora witnesses.  The witnesses I identified are the same individuals whose declarations were submitted in support of Pandora's motion for summary judgment.  Mr. Hansen has not responded to my inquiry, and given the early stage of discovery, no depositions have taken place.

## CONCLUSION

11.     As discovery in this matter has only just begun, with documents yet to be produced, interrogatories yet to be answered and depositions yet to be conducted, Chamilia is not in a position to respond substantively to Pandora's motion for summary judgment.  Chamilia anticipates, however, that documents and deposition discovery will, at a minimum, yield information enabling Chamilia to raise a genuine issue of material fact as to the following relevant questions:  whether Pandora made misleading statements about its purported patent rights, whether Pandora possessed facts from which it knew or should have known that its statements concerning its purported patent rights were misleading; whether Pandora made those statements with intent to deceive; whether it acted in bad faith; whether it made defamatory or intentionally false statements to as-yet unidentified third parties; whether it acted solely to harm Chamilia; and the extent to which Chamilia has been damaged by Pandora's actions.

   I declare under penalty of perjury that the foregoing is true and correct.  Executed on January 21, 2005 in Portland, Maine.

                                        /s/ James G. Goggin
                                        James G. Goggin

P:\vwright\Chamilia\Goggin Rule 56(f) Declaration.doc

4