**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHAMILIA, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PANDORA JEWELRY, LLC, )<br>)<br>Defendant. ) | Civil Action No.: 04-CV-06017 (KMK) |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Chamilia, LLC hereby requests that Defendant Pandora Jewelry, LLC produce and permit the inspection and reproduction of the documents described below that are in its possession, custody or control or to which it has access as a matter of right or request. The requested documents shall be produced for inspection and production at the offices of Verrill Dana, LLP, One Portland Square, Portland, Maine, within thirty (30) days after service hereof.

## DEFINITIONS

In accordance with Local Civil Rule 26.3, the following definitions shall apply to each of the requests set forth below:

1. **Communication**. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2. **Document**. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

3. **Identify (with respect to persons).** When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery request the identification of that person.

4. **Identify (with respect to documents).** When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

5. **Pandora.** "Pandora" means Pandora Jewelry, LLC and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

6. **Chamilia.** "Chamilia" means Chamilia, LLC and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

7. **Person.** The term "person" is defined as any natural person or any business, legal or governmental entity or association.

8. **Concerning.** The term "concerning" means relating to, referring to, describing, evidencing or constituting.

9. **All/Each.** The terms "all" and "each" shall be construed as all and each.

10. **And/Or.** The connections "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11. **Number.** The use of the singular form of any word includes the plural and vice versa.

12.     **Patent Pending**. "Patent Pending" means the patent pending (No. US 2004/0144131-A1) filed by Pandora and referred to in paragraphs 11 and 71 of its Answer.

### INSTRUCTIONS

1.     These requests are continuing in nature. Should Pandora subsequently come into possession of, or acquire right of access to, any document or other information responsive to this Request, Pandora shall promptly provide such document or other information to Plaintiff.

2.     If Pandora refuses for any reason, including on grounds of attorney-client privilege, work-product doctrine or other claim of privilege, to produce any document responsive to this Request, Pandora shall identify each such document with particularity, provide the reason for such refusal and provide information (including date, type of document, subject matter and names of all authors and recipients) sufficient to enable other parties to determine the applicability of any privilege. See Fed. R. Civ. P. 26(b)(5); Local Civil Rule 26.2.

3.     If any document described in this Request was, but no longer is, in Pandora's possession, or subject to Pandora's custody or control, or in existence, identify such document with particularity and state in writing whether: (a) it is missing or lost; (b) it has been destroyed; (c) it has been transferred, voluntarily or involuntarily, to others; or (d) it has been disposed of otherwise. In each instance, explain the circumstances surrounding such disposition and identify the person directing or authorizing same, and the date(s) thereof. Identify each document by listing its author, the author's address, type (e.g., letter, memorandum, telegram, chart, photograph, etc.),

date, subject matter, present location(s) and custodian(s), and state whether the document (or copies) are still in existence.

4. All documents should be produced in the file folder, envelope or other container in which the documents are kept or maintained by you in the ordinary course of business. If the container cannot be produced, produce all copies of all labels or other identifying marks. Documents attached to each other as maintained in the ordinary course of business should be produced attached to each other.

5. Documents attached to or distributed with documents requested herein (including exhibits, facsimile cover sheets, routing slips and transmittal letters) should be produced and should not be separated from the requested document.

6. If any document responsive to these requests consists of electronically stored information, such information shall be produced in [**an electronically searchable form**]/[**its native format**].

## TIME PERIOD

Unless otherwise specified, the time period covered by this Request shall be from [**date**] to the date of the Complaint in this action.

## DOCUMENTS REQUESTED

1. All documents concerning any communication with any distributor, reseller, retailer or member of the general public concerning Chamilia.

2. All documents concerning any advertising, marketing or other statement by Pandora or any of its authorized distributors or agents (including without limitation Bello Paradiso) concerning Chamilia, including without limitation any such advertising, marketing or other statement on any web site.

3. All documents concerning competition with Chamilia in the market for necklaces, bracelets or other jewelry, including without limitation all documents concerning Chamilia's market share relative to that of Pandora, all sales reports or other memoranda concerning Chamilia, and all documents concerning strategies to compete with Chamilia.

4. All documents concerning any discussion, meeting, proposal, plan, intention or analysis concerning the possibility of asserting any claim for copyright, trademark or patent infringement, or any other cause of action, against Chamilia or other competitors of Pandora.

5. All documents concerning any claim or allegation, or potential claim or allegation, that Chamilia violated Pandora's copyright, trademark or patent rights, or engaged in unfair competition, false designation of origin, false advertising or any other violation or infringement of Pandora's rights.

6. All documents concerning any "cease and desist" letter concerning Chamilia, including without limitation all documents concerning the letter attached as Exhibit A to Chamilia's Complaint in this action.

7. All documents concerning the Patent Pending, including without limitation all documents concerning (a) drawings and system descriptions concerning the Patent Pending, (b) the decision to apply for the Patent Pending, (c) any proposal, plan or intention to assert rights under the Patent Pending against Chamilia or other competitors of Pandora, and (d) the likelihood that the Patent Pending would result in the issuance of a patent.

8. All documents concerning any purported or alleged infringement by Chamilia of Pandora's intellectual property rights or concerning any purported or alleged similarity between Chamilia jewelry and Pandora jewelry.

9. All documents concerning any conduct by Chamilia alleged to be actionable or potentially actionable as unfair competition, false designation of origin, or false advertising.

10. All documents concerning Chamilia prepared, received, or kept by Pandora's president (Mr. Lund), Steve Glueck, Jody Henderson, or any other officer, director, or sales representative of Pandora.

11. All documents identified in response to Plaintiff's First Set of Interrogatories.

12. All documents that Pandora contends support any of its claims or defenses in this action, including without limitation all documents Pandora contends support any of its affirmative defenses.

13. All documents concerning Chamilia that are not responsive to any other of these requests.

14. All documents concerning any document retention policy or practice of Pandora.

15. Documents sufficient to show the operational and managerial organization of Pandora, including without limitation documents sufficient to identify all officers, directors, and sales and managerial personnel.

Dated: December 23, 2004                    /s/ Dylan D. Smith
                                                 James G. Goggin (*pro hac vice*)
                                                 Peter S. Black (*pro hac vice*)
                                                 Dylan Smith (DS 6740)
                                                 Attorneys for Plaintiff

                                                 VERRILL DANA, LLP
                                                 One Portland Square
                                                 P.O. Box 586
                                                 Portland, ME 04112
                                                 (207) 774-4000
                                                 (207) 774-7499 (fax)

P:\jgoggin\Chamilia\RPD.draft.doc

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CHAMILIA, LLC, | ) | |
| | ) | Civil Action No.: 04-CV-06017 (KMK) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PANDORA JEWELRY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I, Dylan D. Smith, hereby certify that I have this day caused a copy of the foregoing Plaintiff's First Set of Interrogatories and Plaintiff's First Request for Production of Documents to be sent by electronic mail to counsel of record as follows:

William R. Hansen, Esq.
Lathrop & Gage
230 Park Avenue, Suite 1847
New York, NY 10169

Dated at Portland, Maine this 23rd day of December, 2004.

/s/ Dylan D. Smith

Dylan D. Smith, Esq. (DS 6740)
Attorney for Plaintiff

VERRILL DANA, LLP
One Portland Square
P.O. Box 586
Portland, ME 04112
(207) 774-4000