UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHAMILIA, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PANDORA JEWELRY, LLC, )<br>)<br>Defendant. ) | Civil Action No.: 04-CV-06017 (KMK) |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Chamilia, LLC hereby submits the following interrogatories to Defendant Pandora Jewelry, LLC. These interrogatories are to be answered separately, under oath, within thirty (30) days after service hereof, and in accordance with the following definitions and instructions.

### DEFINITIONS

In accordance with Local Civil Rule 26.3, the following definitions shall apply to each of the requests set forth below:

1. **Communication**. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2. **Document**. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

3. **Identify (with respect to persons)**. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last

known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery request the identification of that person.

4. **Identify (with respect to documents).** When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

5. **Pandora.** "Pandora" means Pandora Jewelry, LLC and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

6. **Chamilia.** "Chamilia" means Chamilia, LLC and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

7. **Person.** The term "person" is defined as any natural person or any business, legal or governmental entity or association.

8. **Concerning.** The term "concerning" means relating to, referring to, describing, evidencing or constituting.

9. **All/Each.** The terms "all" and "each" shall be construed as all and each.

10. **And/Or.** The connections "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11. **Number.** The use of the singular form of any word includes the plural and vice versa.

12. **Patent Pending**. "Patent Pending" means the patent pending (No. US 2004/0144131-A1) filed by Pandora and referred to in paragraphs 11 and 71 of its Answer.

## INSTRUCTIONS

1. These interrogatories are continuing in nature and must be seasonably amended or supplemented pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

2. If Pandora declines to answer any of the following interrogatories because of a claim of privilege, state in each such instance the privilege claimed, the legal and factual basis for the claim, and, to the extent a document is withheld on the basis of such claim, identify the document with particularity and provide information (including date, type of document, subject matter and names of all authors and recipients) sufficient to enable other parties to determine the applicability of any privilege. See Fed. R. Civ. P. 26(b)(5); Local Civil Rule 26.2.

## INTERROGATORIES

1. Identify the person answering these interrogatories as well as all persons who were consulted or otherwise assisted in responding to these interrogatories.

2. Identify all persons (both inside and outside Pandora) who participated in any communication concerning any allegation that Chamilia "knocked off" the designs of Pandora jewelry or would or could infringe, or infringed any copyright, trademark, patent or patent pending held by Chamilia, including without limitation all persons involved in any communication in which Pandora "inform[ed] some of its customers . . . that Chamilia accepted a judgment compensating Pandora for the infringement of Pandora's registered copyrights," as alleged in paragraph 15 of Pandora's Answer, and all persons

involved in any communication in which Pandora identified Chamilia's past copyright infringement and the "knock-off" character of Chamilia's products as alleged in paragraphs 75, 78 and 79 of Pandora's Answer.

3. Identify all persons with knowledge of any fact concerning, and all documents that Pandora contends support, the claim that Pandora is the "original" and that Chamilia "knocked off" the designs of Pandora jewelry, as alleged in paragraph 24 of Pandora's Complaint.

4. Identify all persons with knowledge of any fact concerning Pandora's decision to file and prosecute the Patent Pending.

5. Identify all persons with knowledge of any fact concerning Pandora's efforts or strategies to compete with Chamilia in the market for necklaces, bracelets or other jewelry.

6. Identify all persons with knowledge of any fact concerning, and all documents that Pandora contends supports, any of Pandora's claims or defenses in this action, including without limitation any of Pandora's affirmative defenses.

7. Identify each person whom Pandora may call as a witness in the trial of this action.

Dated: December 23, 2004

/s/ Dylan D. Smith
James G. Goggin (*pro hac vice*)
Peter S. Black (*pro hac vice*)
Dylan Smith (DS 6740)
Attorneys for Plaintiff

VERRILL DANA, LLP
One Portland Square
P.O. Box 586
Portland, ME 04112
(207) 774-4000
(207) 774-7499 (fax)