IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
CHAMILIA, LLC,                                :    Civil Action No.:
                                              :    04 CV 06017 (KMK)
                    Plaintiff,                :
                                              :
        -against-                             :    ECF CASE
                                              :
PANDORA JEWELRY, LLC,                         :
                                              :
                    Defendant.                :
------------------------------------------------------------X


## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Pandora Jewelry, LLC ("Pandora"), by its attorneys, hereby submits its Reply to Plaintiff Chamilia, LLC's ("Chamilia") Opposition to Summary Judgment.

### ARGUMENT

In its Opposition, Chamilia does not challenge Pandora's statement of facts, but instead seeks to evade summary judgment by invoking Fed. R. Civ. P. 56(f) as if it were a complete defense. This Court has discretion to deny relief under Rule 56(f) and, in fact, "[w]here a request for discovery is based on speculation as to what might be discovered, the court should deny the request, even if properly and timely made." Agency Dev., Inc. v. MedAmerica Ins. Co., 310 F. Supp. 2d 538, 548 (W.D.N.Y. 2004); see Paddington Partners v. Bouchard, 34 F.3d 1132, 1137 (2d Cir. 1994). Chamilia still has not set forth a single specific piece of evidence that establishes proof of its claims. In its Motion for Summary Judgment, Pandora provided Chamilia with virtually all of the relevant information in its control. Chamilia cannot now misuse Rule 56(f) in an attempt to delay the test of the proof of its purely speculative allegations.

Pursuant to its Rule 56(f) request, Chamilia submits the Declaration of James G. Goggin ("Goggin Decl. ¶ __") in which Mr. Goggin identifies the need for discovery of the following: 1) Pandora's knowledge and/or intentions with respect to alleged statements made concerning Chamilia; and 2) information from third parties that allegedly heard Pandora make false statements concerning Chamilia. Goggin Decl. ¶¶ 4-5. First, with respect to Pandora's knowledge and/or intentions, Pandora provided the Declarations of Jody Henderson, Steve Glueck, Michael Lund Peterson, and Knud Hostrup in conjunction with its Motion for Summary Judgment. Not coincidentally, these are the only four individuals Chamilia specifically identified in its Complaint as allegedly making false statements. In their Declarations, the Pandora representatives testified to the content and context of their encounters with Chamilia representatives, as well as their knowledge and intentions at those times. See Petersen Decl. ¶¶ 16-18; Henderson Decl. ¶¶ 5-8; Glueck Decl. ¶¶ 7-11; and Hostrup Decl. ¶¶ 5-10.

With this testimony now provided, Chamilia must under Rule 56 "set forth specific facts showing that there is a genuine issue for trial." See Fed. R. Civ. P. 56(e). Proof of this kind, as this Court stated, "is not the sort of evidence that cries out for Fed. R. Civ. P. 56(f) relief, as it lies within plaintiff's power to obtain or generate . . . ." Sparaco v. Lawlor, Matusky, Skelly Engrs., 60 F. Supp. 2d 247, 255 (S.D.N.Y. 1999). Chamilia filed its Complaint in this action on August 2, 2004 alleging that it was aware of disparaging remarks as early as August 27, 2003. Chamilia has had ample time to investigate facts and conduct informal discovery related to its claims; at the very least, it has had over five months since it filed this action to conduct such an investigation. Further, although in its Opposition Chamilia references Mr. Goggin's letter of January 14, 2005 regarding deposition scheduling, the dates Chamilia proposed for depositions were not until after the return date of Pandora's current motion. See Goggin Decl., Ex. C and Suppl. Mitrione Decl., Ex. 1. Chamilia cannot now claim that all of its evidence is in Pandora's

2

hands, especially after Pandora provided the declarations of all of its relevant representatives. See Paddington Partners, 34 F.3d at 1138 ("[A] bare assertion that the evidence supporting a plaintiff's allegation is in the hands of the defendant is insufficient to justify a denial of a motion for summary judgment under Rule 56(f)." (quoting Sundsvallsbanken v. Fondmetal, Inc., 624 F. Supp. 811, 815 (S.D.N.Y. 1985))). Finally, to the extent the Court takes as true Chamilia's allegation that Pandora made false statements in ruling on the current motion, Chamilia's desire for additional discovery regarding whether Pandora made false statements is irrelevant and will not justify Rule 56(f) relief. See Union City Barge Line, Inc. v. Union Carbide Corp., 823 F.2d 129, 137 (5th Cir. 1987) (noting that, in the context of Rule 56(f), "[m]ore discovery to prove that which is already taken as true is pointless").

Second, as to the discovery of information from third parties that allegedly heard Pandora make false statements, Chamilia rests its position on pure speculation. Chamilia's Opposition specifically states that the third parties it seeks discovery from are "as-yet unidentified." Pl.'s Opposition at 3. Chamilia plainly attempts to obtain more time in order to conduct a "fishing expedition." Rule 56(f) does not permit such an attempt. See Waldron v. Cities Serv. Co., 361 F.2d 671, 673 (2d Cir. 1966) (explaining that Rule 56(f) "does not permit a plaintiff to engage in a 'fishing expedition'"). More recently, the Second Circuit has specifically stated that a party cannot use Rule 56(f) as a shield when its request for discovery is "based on speculation as to what potentially could be discovered." See Paddington Partners, 34 F.3d at 1138.

As discussed above, Chamilia has had ample time to conduct its own investigation of third parties in this case. Beyond its speculation regarding "as-yet unidentified witnesses," Chamilia has failed to offer admissible evidence of dissemination of false statements to any third parties, let alone evidence of the kind of "widespread dissemination" required by the Lanham

3

Act. See Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc., 314 F.3d 48, 57 (2d Cir. 2002).

Further, Chamilia offers no explanation of what efforts it made to obtain facts from third parties and why those efforts have been unsuccessful, two required elements of a Rule 56(f) affidavit. See Burlington Coat Factory Warehouse Corp. v. Esprit de Corp., 769 F.2d 919, 926 (2d Cir. 1985) (noting that an opponent of a motion for summary judgment must explain what efforts the affiant made to obtain necessary facts and why those efforts were unsuccessful). As Chamilia now states that it has not yet identified third parties that heard false statements, it is clear that it simply seeks additional time in order to determine whether it has any claims at all, not to ascertain additional facts to support its claims. This sort of speculation does not justify application of Rule 56(f). See Paddington Partners, 34 F.3d at 1138 (noting that "[s]uch divagation is decidedly not the object of the discovery procedures outlined in the Federal Rules of Civil Procedure"); Agency Dev., Inc., 310 F. Supp. 2d at 549 (explaining that "plaintiff's broad request to conduct discovery is based solely on the hope that it can develop facts essential to support almost all of [its] assertions" and that "[t]his is not the purpose of Rule 56(f)").

Chamilia's admission that its third party witnesses are "as-yet unidentified" is telling—and fatal—for another reason, as well. Disparagement-related claims require the publication of information to a third party. Thus, as Pandora set forth in its Motion for Summary Judgment, in order to bring a disparagement-related claim properly, Chamilia must identify certain specific facts regarding the recipient(s) and effect(s) of alleged disparaging statements. A dismissal of a claim for a failure to allege certain facts with the requisite specificity comes without regard to the commencement or completion of discovery. For example, "[c]ourts considering product disparagement claims have . . . grant[ed] motions to dismiss or for summary judgment for failure to allege special damages with the requisite specificity." Kirby v. Wildenstein, 784 F. Supp.

4

1112, 1116 (S.D.N.Y. 1992) (emphases added). Similarly, this court has dismissed defamation and disparagement claims for a failure to allege with particularity to whom the defendant published disparaging remarks. See Kasada, Inc. v. Access Capital, Inc., 2004 U.S. Dist. LEXIS 25257 at **47-52, 57 (S.D.N.Y.). This court has also dismissed tortious interference claims for a failure to allege with particularity the business relations the plaintiff claims the defendant prevented from going forward. See id. at *64.

As discussed fully in Pandora's Memorandum in Support of its Motion for Summary Judgment, Chamilia has not specifically identified any of the required facts listed above. Its statement now that third party witnesses are "as-yet unidentified" simply confirms that Chamilia possesses no evidence of the required facts and seeks to prolong this case by conducting an improper, post hoc "fishing expedition."

In its Opposition Chamilia also argues that Pandora's arguments are "fundamentally flawed," though Chamilia does not address the law pertaining to the essential elements of its claims. Chamilia first asserts that it can rely on statements from third party witnesses that allegedly heard Pandora representatives make disparaging remarks about Chamilia, and that such statements are not hearsay because they are not offered for their truth but to prove that the statements were made. Chamilia's argument avoids the substance of the issues and the very claims it asserts. Chamilia does not allege simply that Pandora representatives made statements; it alleges that Pandora representatives made <u>disparaging</u> statements. Whether Pandora's alleged statements are true or false is thus at the heart of Chamilia's claims. Accordingly, if Chamilia offers statements from third parties regarding Pandora's alleged disparaging remarks, it necessarily offers such statements to prove the truth of their content—that Pandora made <u>disparaging</u> remarks. At any rate, as the record stands, all Chamilia can point to is its <u>own</u> statement, in its Complaint, that a third party said that Pandora made disparaging remarks about

5

Chamilia. As detailed in Pandora's memorandum, these "facts" do not create genuine issues of material fact. Chamilia's silence on the substantive issues confirms the lack of merit in its case.

Chamilia next argues in another evasion that the products at issue here are not the same as the products at issue in the prior action between the parties, and thus have not been judicially determined to be of lesser quality. This argument fully misses the point. Regardless of the outcome of the prior action, Pandora's characterization of Chamilia's jewelry products as "knock-offs" is not false.[1] By definition, the jewelry products Chamilia manufactures and sells are copies, or "knock-offs," of Pandora's products, which were first to arrive in the marketplace. See Def.'s Mot. for S.J. at 12; Mitrione Decl. ¶ 5. Further, as Pandora noted in its Motion, Chamilia's products utilizing its copy of the system used first by Pandora to string jewelry beads, spacers, and clips are known in the industry and to the public as "knock-offs." See Def.'s Mot. for S.J. at 12; Petersen Decl. ¶¶ 14, 17; Hostrup Decl. ¶ 6; Mitrione Decl. ¶ 5. Thus, regardless of the outcome of the prior action, any dissemination of information regarding Chamilia's "knock-off" products are accurate statements of fact and are not actionable. See Johnson & Johnson * Merck Pharms. Co. v. Smithkline Beecham Corp., 960 F.2d 294, 297 (2d Cir. 1992).

## CONCLUSION

Chamilia has failed to produce even a scintilla of evidence to support its claims, despite having many months to conduct its own investigation. Chamilia cannot now claim that its evidence is in Pandora's control, especially when Pandora already provided Chamilia with virtually all of the relevant information within its control. Rule 56(f) will not allow Chamilia to buy time on the basis of speculation and hope alone. As a result, Chamilia is not entitled to relief pursuant to Rule 56(f). Chamilia chose not to argue the merits of its case, and, as a result,

---

[1] Pandora has a privilege to communicate the result of that action to consumers, however. See Def.'s Mot. for S.J. at 18-19.

Pandora's Statement of Facts and legal arguments submitted with its Motion for Summary Judgment should be construed against Chamilia. Pandora is thus entitled to the entry of summary judgment in its favor against plaintiff on each and every claim in its complaint.

Dated: New York, New York
       January 28, 2005

          Respectfully submitted,

          LATHROP & GAGE L.C.

          By: _____s/William R. Hansen_____
               William R. Hansen (WH-9446)
               Gianfranco G. Mitrione (GM-8168)
               230 Park Avenue, Suite 1847
               New York, New York 10169
               (212) 850-6220 (tel)
               (212) 850-6221 (fax)

          Attorneys for Defendant
          Pandora Jewelry, LLC

Of counsel:
Travis W. McCallon
LATHROP & GAGE L.C.
Kansas City, Missouri

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of January, 2005, I electronically filed the declarations of defendant's Reply Memorandum of Law in Support of Its Motion for Summary Judgment and Supplemental Declaration of Gianfranco G. Mitrione with the Clerk of the Court by using the CM/ECF system with notice of case activity generated and sent electronically to the following:

> James G. Goggin
> VERRILL DANA, LLP
> One Portland Square
> Portland, Maine 04112

s/Gianfranco G. Mitrione
*An Attorney for Defendant*
*Pandora Jewelry, LLC*
