USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/20/05

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

CHAMILIA, LLC,

                Plaintiff,

v.

PANDORA JEWELRY, LLC,

                Defendant.

------------------------------------- x

: Karas, J
: 04-CV-6017 (KMK) [ECF CASE]
:
: STIPULATED PROTECTIVE
  ORDER
:
:

**WHEREAS**, the parties recognize that pursuant to discovery or otherwise during the course of this action, each party as well as non-parties may be required to disclose trade secrets or other confidential information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and

**WHEREAS**, the parties have, through counsel, stipulated to entry of this Protective Order ("Order") pursuant to Rule 26(c) to prevent unnecessary disclosure or dissemination of such confidential information;

**IT IS HEREBY STIPULATED AND ORDERED** that the following provisions of this Order shall control the disclosure, dissemination, and use of information in this action:

    1.    This Order governs the handling of all documents, records, tangible materials, testimony, responses to discovery, and other information produced, served, disclosed, or filed in this proceeding, whether voluntarily or through discovery or other proceedings. Whenever

reasonable, all documents and things produced by one party to the other in this action shall also bear identifying numbers.

2. (a) The term "Confidential Information" as used in this Order includes all information that a designating party reasonably and in good faith believes constitutes or discloses trade secrets or other proprietary research, development, marketing, technical, financial, personal, or commercial information that the designating party has maintained in confidence or is under an obligation to maintain in confidence, and highly sensitive business information concerning product sales, volumes, revenues, profits, costs, margins, customer-specific marketing strategies, licensing information, trade secrets or sensitive technical information or market and competitive analyses. Confidential Information may be contained in discovery produced or obtained in this action. The Confidential Information contained therein and all copies, recordings, abstracts, excerpts, summaries, analyses, or other writings that contain, reflect, reveal, suggest or otherwise disclose such Confidential Information shall also be deemed Confidential Information.

(b) The term "Attorneys' Eyes Only Information" as used in this Order includes all information that a designating party reasonably and in good faith believes constitutes or discloses competitively sensitive information such as customer-specific marketing strategies, licensing information, market and competitive analyses, and financial information that is competitively sensitive. If the parties are unable to come to an agreement as to the treatment of the information, the receiving party may apply to the Court for relief. Attorneys' Eyes Only Information includes all information, documents and things referring or relating to the foregoing, including, but not limited to copies, recordings, abstracts, excerpts, summaries, and analyses of the foregoing.

3. Confidential Information and Attorneys' Eyes Only Information shall be disclosed, disseminated, and used only for the limited purpose of preparing for and conducting this action and not for any business, commercial, scientific, competitive, or any other purpose whatsoever.

4. Confidential Information and Attorneys' Eyes Only Information shall be identified by the producing party or non-party by the designations "Confidential," "Attorneys' Eyes Only," or by a similar designation. Where such designation is made by stamping or similar means (including by oral designation transcribed or recorded), it shall be made by placing notice on the document, information, response to discovery, deposition or court transcript, or record, information, or document stored on diskette or otherwise in computer usable form, or tangible thing or object, in such a manner as will not interfere with the legibility or accessibility of the designated information. Information so designated shall be subject to the disclosure restrictions of this Order.

5. In the case of depositions, designation of the portion(s) of the transcript (including exhibits thereto) containing Confidential Information or Attorney's Eyes Only Information shall be made by a statement to such effect on the record at any time before the deposition is concluded or by a statement in writing sent to all counsel within thirty (30) business days after receipt of the transcript. If the designation is made during a deposition, only persons to whom disclosure of Confidential Information or Attorney's Eyes Only Information is permitted shall remain present while that information is being used or discussed. The reporter shall bind the transcript in separate portions containing the non-confidential information and shall bind the transcript in separate portions containing the non-confidential information and Confidential Information or Attorney's Eyes Only Information. No copy of any transcript (or exhibits

thereto) of any deposition taken by a party that is designated in whole or in part as Confidential Information or Attorney's Eyes Only Information shall be prepared or furnished by the reporter to any person other than to counsel for the parties. The parties may modify this procedure for any particular deposition through agreement on the record of such deposition, without further Order of this Court.

6.  The parties recognize that, during the course of this action, there may be produced Confidential Information originating from a non-party to which there exists an obligation of confidentiality. Information originating with a non-party that a designating party reasonably and in good faith believes is subject to a confidentiality obligation may be designated in accordance with paragraphs 2 (a) and/or (b) and shall be subject to the restrictions on disclosure specified in this Order.

7.  The following categories of information should not be designated as Confidential Information under this Order:

(a) any information that at the time of its disclosure in this action is part of the public domain by reason of prior publication or otherwise; and

(b) any information that after its disclosure in this action has become part of the public domain by reason of prior publication or otherwise through no act, omission, or fault of the receiving party.

8.  In the event any party or non-party discovers, after it has produced information, that it has inadvertently produced information that has not been appropriately designated in accordance with paragraphs 2(a) or (b), the producing party may, within twenty (20) days of the discovery of such inadvertent production, designate the information by a subsequent notice in writing specifically identifying the information and furnishing the correct designation, in which

event the parties shall henceforth treat such information as provided in this Order, and shall undertake a best effort to retrieve any disclosure, dissemination, or use of such information prior to redesignation.

9. Until or unless the Court rules that anything designated as Confidential Information is not confidential or should be disclosed beyond the limits permitted by this Order, Confidential Information shall be disclosed only to the following persons:

(a) To this Court and its staff;

(b) To any particular person when the designating party agrees in writing;

(c) To former employees of the designating party, but only at a deposition and only to the extent that it appears from the face of the document containing the designated information that the witness authored or received a copy of it;

(d) To outside counsel for the respective parties, including their clerical, litigation support, and paralegal employees. As used herein, "outside counsel" shall mean, in the case of Plaintiff Chamilia, LLC ("Chamilia"), the firm of Verrill Dana, LLP; in the case of the Defendant, Pandora Jewelry, LLC ("Pandora"), the firm of Lathrop & Gage, L.C. Changes in representation should be noticed to all parties in writing. Disclosure to clerical, litigation, support and paralegal employees should only be made to the extent that the functions of those employees require access to the designated information;

(e) To expert consultants retained by counsel to assist in the preparation toward trial or trial of this action, including such experts' support staff normally employed by such experts in the course of their activities; provided, however, that:

(1) Such expert is not currently an employee of a party or of an affiliated company to a party, or of a company which manufactures and/or sells the goods at issue in this action;

(2) Counsel desiring to disclose Confidential Information to such an expert shall first obtain a signed Confidentiality Agreement in the form of Attachment A hereto; and,

(f) The parties, including their respective officers, directors, representatives and employees, with a reasonable need to have access to such Confidential Information.

10. Until or unless the court rules that anything designated as Attorneys' Eyes Only is not properly designated or should be disclosed beyond the limits permitted in this Order, Attorneys' Eyes Only Information shall be disclosed only to those persons identified in paragraphs 9(a)-(e).

11. Access to and disclosure of information marked in accordance with this Order may be provided to Outside Service Providers (as defined herein) retained by a party, and employees of the Outside Service Providers provided that each entity shall first execute a Confidentiality Agreement in the form of Attachment B hereto; provided, however, that Outside Service Providers shall not be required to execute a Confidentiality Agreement if they previously have agreed with the party retaining their services to keep all documents and materials provided to them in connection with this litigation in strictest confidence and not to use or disclose such documents and materials, except for the purposes specified herein. All such Confidentiality Agreements shall be retained by counsel for the party making the disclosure. As used herein, "Outside Service Provider" shall refer to non-party service providers such as Court Reporters, Reprographic Services, Foreign Language Translation Services, trial preparation consultants, or

mock judges and jurors who may assist counsel in the presentation of argument or testimony, including Confidential Information, in a real or mock court proceeding.

12. Written or tangible material constituting or revealing information designated under this Order, when filed with the Court in this action for any reason, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title or this action, an indication of the nature of the contents of such sealed envelope or other container, the words "Confidential: Subject to Protective Order" and a statement substantially in the following form:

> This envelope contains documents filed in this case by [name of party] and is not to be opened nor the contents thereof to be displayed nor revealed except (1) by written agreement of the parties or (2) by Order of this Court. This paragraph shall not prevent a second copy of any such pleading or other document specifically intended for review by the Court from being hand-delivered to Chambers to assure prompt attention thereto, so long as reasonable safeguards are observed to maintain the confidentiality of the documents.

13. The Clerk of this Court is directed to place and maintain under seal in accordance with this Order any such pleading or other document filed with or delivered to this Court pursuant to Paragraph 12 or any other provision hereof.

14. No Confidential Information shall be made part of a public record, except upon prior approval of the Court.

15. If a party receiving any Confidential Information objects to the designation of that information, such party shall first make its objection known to the designating party and request any change of designation that is desired. The parties will attempt to resolve any challenge in good faith on an expedient and informal basis. The designating party may, at any time, withdraw the designation of any Confidential Information by that designating party. Should counsel find they are unable to resolve the designation issue, they shall jointly call the Court to schedule a

time for an office conference or telephone conference call to review the matter. Should counsel for a party determine that the designation issue requires the Court's attention for resolution, counsel shall so inform opposing counsel and discuss the dispute one final time before calling the Court to schedule an office conference or telephone conference call to review the matter. Once a conference has been scheduled, each party may file with the Court prior to such conference a one-page letter memorandum setting forth the designation dispute and its position with respect thereto. Motions filed pursuant to Fed. R. Civ. P. 26 and 37, without following the foregoing procedure shall be denied. After submission of the letter memoranda, should the Court find a formal motion and briefing are necessary, it shall establish an appropriate briefing schedule. The designating party shall have the burden of showing good cause as to why a particular designation under this Order should not be changed or removed. The information in issue shall continue to be treated as designated until the Court orders otherwise.

16. This Order shall be without prejudice to the right of either party to oppose production of any document of information for any reason other than confidentiality. This Order may be changed by further Order of the Court, and is without prejudice to the rights of any party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

17. In the event that any non-party shall be called upon, by subpoena or otherwise, to provide or produce documents or information considered confidential by such non-party, such non-party may elect to be bound by the terms of this Order by notifying counsel for all parties in writing. Upon service of such notice such non-party may designate documents and information in the manner set forth in this Order, and such non-party's confidential information shall be treated in the same manner as the Confidential Information of a party to this action. In the event

that a non-party who has elected to be governed by this Order is subpoenaed by this Court or another Court, such Court shall have jurisdiction to entertain and decide any motion regarding such non-party brought pursuant to this Order or to otherwise enforce the provisions of this Order regarding such non-party.

18. Within sixty (60) days upon final termination of this action, each party or non-party or other person subject to the terms of this Order, with the exception of the Clerk of the Court, shall be under obligation to return or destroy all material designated under paragraphs 2(a) or (b) of this Order and all copies thereof; provided, however, that the parties' outside counsel may retain pleadings filed in court, deposition and court transcripts or recordings, and any privileged communications or attorney work product containing Confidential Information, subject to the provisions of this Order. If a party decides to destroy, as opposed to return, designated material, that party will provide the designating party with written confirmation certifying that the materials have, in fact, been destroyed.

19. This Order shall survive and continue to be binding after the conclusion of this action. The Court shall retain jurisdiction to enforce this Order.

20. Each party or person bound by this Order shall be entitled to move for modification of this Order for good cause after notice to the other party, such as: (a) applying to the Court for relief therefrom or to permit access to additional persons or categories of persons; (b) applying to the Court for further or additional protective orders; or (c) agreeing between the parties to modify this Order, subject to approval of the Court. Prior to any such motion for modification, counsel shall attempt to reach agreement without resort to the Court.

21. Production or disclosure of Confidential Information under this Order shall not prejudice the right of any party making that production or disclosure to maintain the trade secret status or confidentiality of that Confidential Information in other contexts.

22. This Order shall be binding upon the parties upon the execution of the signatures of counsel, subject to any modification by the Court.

## STIPULATION

### By Counsel

VERRILL DANA LLP
One Portland Square
P.O. Box 586
Portland, Maine 04112
Tel: 207-774-4000
Fax: 207-774-7499

LATHROP & GAGE L.C.
230 Park Avenue, Suite 1847
New York, New York 10169
Tel: 212-850-6220
Fax: 212-850-6221

March 18, 2005

By: _____
James G. Goggin, Esq. *(pro hac vice)*
Peter S. Block *(pro hac vice)*
Dylan Smith (DS-6740)

By: _____
William R. Hansen (WH-9446)
Gianfranco G. Mitrione (GM-8168)

IT IS SO ORDERED this 19th day of April, 2005.

_____
KENNETH M. KARAS
United States District Judge

-10-

## **EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
CHAMILIA, LLC,                      :
                                    :
                         Plaintiff, :   04-CV-6017 (KMK) [ECF CASE]
                                    :
    v.                              :
                                    :
PANDORA JEWELRY, LLC,               :
                                    :
                         Defendant. :
------------------------------------x

UNDERTAKING OF

STATE OF _____

COUNTY OF _____

I, _____ being duly sworn, state that:

   1.   My address is _____.

   2.   My present employer is _____.

   3.   My present occupation or job description is _____.

   4.   I have been provided a signed copy of the Stipulated Protective Order ("Order") in the above-captioned Litigation (Civil Action No. 04-CV-6017).

   5.   I have carefully read and understand the provisions of the Order.

   6.   I will comply with all of the provisions of the Order.

-11-

7. I will hold in confidence and not disclose to anyone not authorized under the Order, any materials containing Confidential Information or any words, substances, summaries, abstracts or indices of material containing Confidential Information disclosed to me.

8 I will return all materials containing Confidential Information and summaries, abstracts and indices thereof, and copies thereof, which come into my possession, and documents or things that I have prepared relating thereto, to counsel for the Party by whom I am employed or retained.

9. I hereby submit to the jurisdiction of this Court or Panel for the purpose of enforcement of the Order in this case.

10. I certify under penalty of perjury that the foregoing is true and correct.

Executed on _____, 2005.

_____
Signature

**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------x
CHAMILIA, LLC,                   :

                                 :   04-CV-6017 (KMK) [ECF CASE]
              Plaintiff,
                                 :

     v.                          :

PANDORA JEWELRY, LLC,            :

                                 :
              Defendant.         :
---------------------------------x

**AGREEMENT CONCERNING INFORMATION COVERED BY
PROTECTIVE ORDER ENTERED IN THE UNITED STATES
DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

The undersigned hereby acknowledges that he (she) has received and read the Protective Order entered in the United States District Court for the Southern District of New York on _____ _____, in connection with the above-captioned lawsuit, and understands its terms and agrees to be bound by each of those terms. Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any Confidential Information made available to him (her) other than in accordance with said Order. The undersigned further submits to jurisdiction of this Court for purposes of the Protective Order in this action.

Dated: _____

By:    _____
       (signature line)

       _____
       (type or print name of individual)

Of:    _____
       (name of employer)

-13-