LATHROP & GAGE L.C.
William R. Hansen (WH-9446)
Gianfranco G. Mitrione (GM-8168)
Bernadette McGlynn Reilly (BM-4117)
230 Park Avenue, Suite 1847
New York, New York 10169
(212) 850-6220 (tel)
(212) 850-6221 (fax)

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
CHAMILIA, LLC,                            :    Civil Action No.:
                                          :    04 CV 06017 (KMK)
                        Plaintiff,        :
                                          :
        -against-                         :    ECF CASE
                                          :
PANDORA JEWELRY, LLC,                     :
                                          :
                        Defendant.        :
------------------------------------------------------------X

### DECLARATION OF KNUD HOSTRUP IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

KNUD HOSTRUP, does hereby declare:

1. I submit this declaration pursuant in support of defendant's motion for summary judgment.

2. I am a Sales Director for Pandora Jewelry, LLC ("Pandora") located in Columbia, Maryland. I am responsible for promoting and distributing Pandora's unique and distinctive line of silver and 14-karat gold jewelry to retailers in the eastern and southern part of the United States, excluding the following states: Delaware, New Jersey, and Pennsylvania. My

employment with Pandora began in October, 2003 and since then, on its behalf, I have established accounts in approximately 400 retail locations in the United States.

3. I have read the complaint filed by Chamilia, LLC ("Chamilia") in this action with particular attention paid to those allegations made in paragraph 24 concerning alleged statements that I made to Chamilia sales representatives at the Atlanta Tradeshow in the summer of 2004. I have personal knowledge of the facts stated herein.

4. On July 9 - 13, 2004, Pandora was an exhibitor of its jewelry products at the Atlanta Tradeshow ("Tradeshow") in Atlanta, Georgia. Along with other Pandora sales representatives, including, Jaqueline Sigrist, Chuck Rouse, Elizabeth Arant and Laurie McDonald, I oversaw and managed the exhibition booth during the days of the Tradeshow.

5. During the days of the Tradeshow I recall speaking to a sales representative for Chamilia and discussing the companies' respective jewelry products. I do not recall telling the Chamilia representative that the Chamilia line of jewelry was a "knockoff" or that Pandora was the "original."

6. Nevertheless, I understand that Pandora was the first to invent and introduce in the U.S. market a bracelet or necklace which utilizes a method of stringing jewelry beads, spacers and clips together to form a very distinctive jewelry product. While I do not recall telling the Chamilia representative in the Summer of 2004 that Pandora is the original, since I began promoting Pandora's jewelry line, I have told numerous customers and potential customers that Pandora is the original inventor, designer and manufacturer of the type of jewelry sold by Pandora.

7. Since October, 2003, customers and potential customers have asked whether Pandora owns a patent for its jewelry product. I have consistently responded that Pandora has a

"patent pending" for its jewelry product. If a certain individual did not believe that Pandora did in fact have a "patent pending" for its jewelry line, I would show them a copy of Pandora's jewelry products brochure and allow them to see for themselves the legend "patent pending" clearly marked on the brochure.

8. In reference to Pandora's pending patent application, I have also informed Pandora customers and potential customers, that if, and only if the patent in question issues, Pandora would take the necessary steps to protects its rights.

9. I explained to the Chamilia representative at the Tradeshow the facts concerning Pandora's pending patent application. I never suggested to the Chamilia representative at the Tradeshow that "any merchant who bought and stocked Plaintiff's product should expect to have their inventories confiscated whenever Defendant deemed appropriate." Furthermore, I never suggested that Chamilia or any of its salespeople were in violation of "existing patent laws." I made clear to the Chamilia representative at the Tradeshow the same remarks I have reiterated to many others in the past – and that is that Pandora had a pending patent application for its jewelry product, and only if it issued, I expressed my opinion that Pandora would seek to enforce it against potential infringers or "copycats."

10. During my encounter with the Chamilia representative we discussed the quality of Chamilia's jewelry products. I told the representative that Chamilia's jewelry products are inferior to those manufactured and sold by Pandora. I explained that Chamilia's jewelry beads, in their manufacturing, are not finished as well as Pandora's jewelry and, as a result, they often times get stuck and become immovable when trying to thread them onto a Pandora or Chamilia bracelet or necklace.

I DECLARE under penalty of perjury that the foregoing is true and correct.

Dated: 1/13, Florida
January, 2005

_____
Knud Hostrup

NYDOCS 7769v1

4