UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHAMILIA, LLC, | ) |
| Plaintiff, | ) Civil No.: 04-CV-06017 (KMK) |
| v. | ) |
| PANDORA JEWELRY, LLC, | ) |
| Defendant. | ) |

### DECLARATION OF MICHELE C. VOGEL

Pursuant to 28 U.S.C. § 1746, Michele C. Vogel declares as follows:

1. I am an artist and the owner of the West End Gallery, 48 Douglas Lane, East Aurora, New York. The West End Gallery, which has been in business for 26 years, sells handmade contemporary gifts by a variety of artists and craftsmen, as well as jewelry, including jewelry made by Chamilia and Pandora.

2. On April 15, 2005, I received a phone call from a Pandora sales representative, Knud Hostrup. Mr. Hostrup told me that Pandora had a "patent lawsuit" against Chamilia. He said that Pandora was waiting for its patent and would shut Chamilia down once it received the patent. He also told me that, because my store sold Chamilia, I could become involved in the "patent lawsuit" and potentially have my store shut down.

3. A couple of weeks after the above conversation, I received a number of phone calls from Michael Lund, Pandora's president. Mr. Lund called me approximately five times over a period of two days. He was quite aggressive and heated on these calls—literally yelling about Chamilia. He said that he knew my store was selling both Chamilia and Pandora jewelry and that I would not be allowed to continue selling Pandora if I also sold Chamilia.

4. Mr. Lund was upset that Chamilia beads could be used interchangeably with Pandora bracelets, and vice versa. I thought this was strange, since I am aware that a number of other brands of charm bracelets work interchangeably with Pandora, but Mr. Lund did not mention these. Instead, he seemed focused only on Chamilia. He said that the Chamilia beads damage Pandora's bracelets, something I have not found to be the case.

5. On May 10, 2005, I spoke to a Pandora sales representative named Joan Tevels-Heib. She mentioned that there was a lawsuit going on between Chamilia and Pandora. She said that she had attended a sales meeting of Pandora at which Mr. Lund spoke. Ms. Tevels-Heib told me that Mr. Lund had said at this meeting that Pandora does have a patent. She said that the patent number was available "on line." She also said that, at the sales meeting, Mr. Lund informed those present that Chamilia would be required in the lawsuit to pay Pandora's legal fees, melt down its beads and pay for Pandora's lost sales.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 12, 2005.

*Michele C. Vogel* (signature)
Michele C. Vogel