LATHROP & GAGE L.C.
William R. Hansen (WH-9446)
Gianfranco G. Mitrione (GM-8168)
Bridget A. Short (BS-4191)
230 Park Avenue, Suite 1847
New York, New York 10169
(212) 850-6220 (tel)
(212) 850-6221 (fax)

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
CHAMILIA, LLC,                                  :      Civil Action No.:
                                                :      04 CV 06017 (KMK)
                       Plaintiff,               :
                                                :
       -against-                                :      ECF CASE
                                                :
PANDORA JEWELRY, LLC,                           :
                                                :
                       Defendant.               :
---------------------------------------------------------------X

### DECLARATION OF GIANFRANCO G. MITRIONE
### IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE UNDER 56(e)

GIANFRANCO G. MITRIONE, does hereby declare:

1.  I am an associate with the firm of Lathrop & Gage L.C., attorneys for Defendant, Pandora Jewelry, LLC. I am admitted to practice law in the State of New York and in this District. I am familiar with all the facts and circumstances in this proceeding.

2.  I submit this declaration pursuant to Rule 56(e) of the Federal Rules of Civil Procedure in support of defendant's motion to strike paragraph 4 of the Declaration of Jeffrey Julkowski, paragraph 3 of the Declaration of James G. Goggin, paragraph 2 the Supplemental

Declaration of James G. Goggin and the entirety of the Second Supplemental Declaration of James G. Goggin.

3. Attached hereto as Exhibit A are excerpts from the transcript of the deposition of Jeff Julkowski held on May 12, 2005.

I DECLARE under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
September 2, 2005

_____
Gianfranco G. Mitrione

NYDOCS 9860v1

# EXHIBIT A

```
                                                                    1
 1

 2    UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF NEW YORK
 3    -------------------------------x

 4      CHAMILIA, LLC,

 5                   Plaintiff,

 6            v.                              04-CV-6017
                                                (KMK)
 7
        PANDORA JEWELRY, LLC,
 8
                     Defendant.
 9
      -------------------------------x
10

11

12              CONFIDENTIAL - ATTORNEYS EYES ONLY

13

14                                        May 12, 2005

15                                        9:15 a.m.

16

17            Videotaped deposition of JEFFREY

18    JULKOWSKI, taken by Defendant, pursuant to

19    notice, at the offices of Lathrop & Gage, 230

20    Park Avenue, New York, NY 10169, before Lisa

21    Mango, a Shorthand Reporter and Notary Public of

22    the State of New York.

23

24

25
```

```
 1              Julkowski - Confidential            262
 2
 3
 4        REDACTED
 5
 6        Q.   What is your understanding of
 7   Chamilia's complaint against Pandora in this
 8   action?
 9        A.   My understanding is companies can
10   compete.  I don't go ship a UPS package and UPS
11   isn't saying don't go ship with Fed Ex because
12   they're shutting Fed Ex down.  I don't go to buy
13   a pair of Levi's jeans and Levi's doesn't say
14   don't buy Diesel because we're going to shut them
15   down.
16             No other companies I've dealt with have
17   talked about the number one selling technique
18   into scare customers that the other company is
19   going to be put out of business.
20        Q.   What is your understanding of the
21   damage that Pandora has caused Chamilia as a
22   result of these statements?
23        A.   It's lost customers.
24        Q.   Okay.  Which customers has Chamilia
25   lost as a result of statements made by Pandora?
```

```
                     Julkowski - Confidential                263
```

 2    A.    We've gone over several of those
 3  customers today.
 4    Q.    In addition to those, what others?
 5    A.    I'd have to review.  I don't know.  We
 6  have to go back and look and see which customers
 7  we lost.  Lisa knows quite a bit of customers
 8  that she lost.
 9    Q.    Other than the ones that we've
10  discussed here today, what other customers have
11  you lost as a result of Pandora's statements?
12    A.    Quite a few.
13    Q.    But as you sit here today, can you
14  recall any other names?
15    A.    I'd have to go back and look at all the
16  details.  We lose customers -- you don't know
17  when you lose a customer all the time.  How many
18  customers are going to be told one thing and make
19  a purchase decision to go elsewhere?
20    Q.    What document are you going to go back
21  and look at to determine what customers you lost?
22    A.    Talk to our sales reps who know their
23  accounts and have been told by them that we are
24  no longer ordering from Chamilia.  We won't order
25  from Chamilia because they're going to be out of

```
 1                Julkowski - Confidential              264
 2   business.
 3       Q.   And what document would that be?  Is
 4   there a document?
 5       A.   Sales reps, sales reps lost orders,
 6   sales reps canceled orders.
 7       Q.   Do you maintain a list of the customers
 8   that you lost as a result of actions or
 9   statements made by Pandora?
10       A.   I know of the ones that I've had
11   conversations with.  And --
12
13
14
15                    **REDACTED**
16
17
18
19
20
21
22
23
24
25
```