LATHROP & GAGE L.C.
William R. Hansen (WH-9446)
Gianfranco G. Mitrione (GM-8168)
Bridget A. Short (BS-4191)
230 Park Avenue, Suite 1847
New York, New York  10169
(212) 850-6220 (tel)
(212) 850-6221 (fax)

**Attorneys for Defendant**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X
CHAMILIA, LLC,                       :    Civil Action No.:
                                     :    04 CV 06017 (KMK)
        **Plaintiff,**       :
                                     :
  -against-                         :    ECF CASE
                                     :
PANDORA JEWELRY, LLC,                :
                                     :
        **Defendant.**       :
---------------------------------------------------X

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION TO STRIKE INADMISSIBLE EVIDENCE
OFFERED BY PLAINTIFF IN OPPOSITION TO
<u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

Defendant, Pandora Jewelry, LLC ("Pandora"), by its counsel hereby submits a memorandum of law in reply to the opposition filed by plaintiff, Chamilia, LLC ("Chamilia") to Pandora's motion to strike under Rule 56(e).

**1. Julkowski Declaration**

Yet again, Chamilia fails to grasp the requirement that supporting affidavits under Rule 56(e) must be based on personal knowledge and state facts admissible in evidence. Chamilia's unsuccessful attempt to defend the deficiencies in its supporting affidavit of

1

Jeffrey Julkowski just adds another layer of speculation, conjecture and conclusory allegations to its case. At the outset of its Memorandum in Opposition, rather than addressing Pandora's challenge of Paragraph 4 of the Julkowski Declaration, Chamilia asserts, in effect, that even without paragraph 4 of the Julkowski Declaration, "the Sales Summary itself shows that many customers stopped doing business with Chamilia, and in many cases returned merchandise, right around the time Pandora's misinformation campaign against Chamilia peaked." See Opp. Mem. at p. 1. Chamilia makes this bald statement without explanation and without any facts or evidence in the record to support it. It is still wholly unknown what in, or about, the Sales Summary reveals that "customers stopped doing business with Chamilia" as a result of anything Pandora did or said or when "Pandora's misinformation campaign against Chamilia peaked." Id.

In furtherance of its attempt to avoid the requirements of Rule 56(e), Chamilia seeks to misapply the hearsay rule. Rather than point to any admissible evidence from any customer who has refused to purchase Chamilia jewelry products or has canceled orders for Chamilia jewelry products as a result of statements made by Pandora, Chamilia is left to argue that Paragraph 4 of the Julkowski Declaration is not hearsay. Chamilia then states that even if it is hearsay, the "facts" in Paragraph 4 fall within one of the enumerated exceptions to the hearsay rule. Chamilia's rhetoric aside, Paragraph 4 of the Julkowski Declaration is classic hearsay: Mr. Julkowski is recounting out of court conversations he claims to have had with retail customers. Moreover, he then recounts conversations he has had with sales representatives who have had conversations with retail customers, doubling the hearsay. As such, those portions of the Julkowski Declaration offered to prove lost sales by Chamilia are inadmissible hearsay and should

2

be stricken. Fed. R. Evid. 801(c) and 802; see, e.g., Sarno v. Douglas Elliman-Gibbons & Yves, Inc., 183 F.3d 155, 160 (2d Cir. 1999).

In Sarno, a case very similar to the present case, the plaintiff claimed that he was rejected for employment by a prospective employer as a result of his former employer's failure to provide a positive reference. The plaintiff did not present an affidavit or other sworn testimony from the prospective employer, but rather simply relayed what he was told by the prospective employer was the reason he was not hired. Id. at 158. In granting summary judgment for the defendant, the Second Circuit upheld the District Court's holding that the plaintiff's statement as to what he "was told" was hearsay, inadmissible at a trial. Id. at 160. Since the plaintiff there had presented no sworn statement from the prospective employer itself, he failed to adduce any evidence sufficient to create a genuine issue to be tried. Id.

Similarly, in Paragraph 4 of his declaration, Mr. Julkowski relays what he was allegedly told by customers was their reason for discontinuing the purchase of Chamilia jewelry products. Chamilia admits as much when it states that Mr. Julkowski's "understanding" is derived "at least in part from conversations he had with customers." See Opp. Mem. p. 3.[1] Again, Chamilia fails to provide any affidavit or declaration from any retailer who has refused to do business or has discontinued its business with Chamilia as a result of anything done or said by Pandora.

By further example, in Prof'l Sound Servs. v. Guzzi, 349 F. Supp. 2d 722, 731 (S.D.N.Y. 2004), on the issue of whether its "S" mark was valid and entitled to protection, the plaintiff argued that the letter "S," as plaintiff used it, is a distinctive

---

[1] Pandora and this Court are left to speculation what other "parts" comprise and form Mr. Julkowski's "understanding".

3

trademark and capable of distinguishing plaintiff's products. Plaintiff offered no evidence in support of this proposition other than inadmissible hearsay testimony of two of its employees. Id. The Court found that the testimony of plaintiff's two employees that "'over the years customers have commented on our use of the letter S, and have come to say that they recognize products using this system as coming from us' relies on out-of-court statements to prove the truth of the matter asserted: customers identify plaintiff's products by the 'S'". Id. citing Fed. R. Evid. 801. The Court found these hearsay statements inadmissible at trial and insufficient to withstand a Rule 56 motion. Prof'l Sound, 349 F.Supp.2d at 731 citing Fed. R. Civ. P. 56(e); Sarno, 183 F.3d at 160.

As in Prof'l Sound, Chamilia is attempting to offer the hearsay statements of Chamilia's retail customers through the testimony of Mr. Julkowski in Paragraph 4 of his declaration to support Chamilia's argument that Chamilia was damaged as a result of statements made by Pandora.

This Court should follow the teachings of Sarno and Prof'l Sound and similarly find Mr. Julkowski's hearsay statements inadmissible and not consider them as evidence. See also Patterson v. County of Oneida, 375 F.3d 206 (2d Cir. 2004) ("Rule 56(e)'s requirement . . . means that an affidavit's hearsay assertion that would not be admissible at trial if testified to by the affiant is insufficient to create a genuine issue for trial.").

Mr. Julkowski's unsupported conclusions in Paragraph 4 do not qualify for admissibility under Fed. R. Evid. 803(3) as argued by Chamilia. Mr. Julkowski claims that from speaking with certain retail customers who have spoken with Pandora representatives that he now "understands" that those retail customers will not do business with Chamilia because of those statements made by Pandora representatives thereby

proving lost sales claimed by Chamilia. This remains hearsay for which no exception applies. Sarno, 183 F.3d at 160. The exception for the admissibility of hearsay statements provided in Fed. R. Evid. 803(3) is not properly taken because Chamilia is offering these out of court statements to prove it was being damaged by lost sales.

The Seventh Circuit case upon which Chamilia relies, AGFA-Gevaert v. A. B. Dick Company, 879 F.2d 1518 (7th Cir. 1989), notably the only authority cited by Chamilia throughout its memorandum, is inapposite to the facts of this case, and as presented by Chamilia to the Court, is misleading. In AGFA, the Court considered whether statements by the plaintiff's expert witness and board of directors, which were based on what these witnesses were told by customers and engineers regarding the quality of plaintiff's product, were inadmissible hearsay. The Court found that business executives such as plaintiff's board of directors "do not make assessments of a product's quality and marketability by inspecting the product at first hand. Their assessments are inferential, and as long as they are the sorts of inference that businessmen customarily draw they count as personal knowledge, not hearsay." AGFA, 879 F.2d at 1523.

Here, unlike in AGFA, the knowledge sought or the assessment to be made by Mr. Julkowski from out of court statements is to prove lost sales. That being the case, the information necessary to prove Chamilia's case must be offered by those who allegedly made the statements to Mr. Julkowski so as to afford Pandora the opportunity to cross-examine the declarants, and not merely through Mr. Julkowski's "understanding." Since an inferential assessment is not necessary to prove the lost sales required in this case, the portions of Mr. Julkowski's Declaration concerning Chamilia's customers' statements are inadmissible hearsay.

## 2. Goggin Declarations

Pandora was forced to bring its motion to strike under 56(e) Fed. R. Civ. P. in part because of Chamilia's blatant refusal to withdraw declarations submitted by Chamilia's counsel, James Goggin, in which he stated that selected pages from the LOOKS, LLC website established that Pandora offered for sale its jewelry products in the United States no later than June, 2002. Contrary to arguments now made in its opposition memorandum, Mr. Goggin's declarations never "clarified" or "corrected" any statements he made and certainly never "acknowledged that any assertion was in error" or explained the "reasons for the error." See Opp. Mem. pp. 4 and 5. Only now, for the first time, does Chamilia in its opposition memorandum acknowledge that Mr. Goggin was mistaken in statements made to the Court in his declarations concerning dates attributed by the Wayback Machine to the website pages of LOOKS, LLC. Yet, Chamilia continues to waste the valuable time and resources of both Pandora and this Court by continuing to make baseless arguments about the date of first sale by Pandora.

Pandora sought to avoid this entire issue. By letter dated August 19, 2005, Pandora's counsel provided Chamilia with its first opportunity to withdraw Mr. Goggin's "Supplemental Declaration" which asserted wrongly that the Bragg Affidavit "... is submitted as additional authentication of Exhibit B attached to my first declaration, which consists of true and correct copies of selected pages from the web site of LOOKS, LLC as it existed on June 1, 2002." ("emphasis added"). Mr. Goggin refused to withdraw his supplemental declaration and sent an e-mail to Pandora's counsel directing them to his second supplement declaration and confirmed he "will not be withdrawing anything or changing [his] arguments." See e-mail dated August 22, 2005. Mr. Goggin

refused to relent and went on to state in his e-mail that "[i]f your conclusion from the facts is different from mine, you have an opportunity to file a reply and make your argument to the judge." Id. Mr. Goggin's Second Supplemental Declaration offered no acknowledgment of any error on his part or corrected any statement. He merely "concluded" that "the fact that if you start from a homepage date [sic] June 1, 2002 and are immediately linked to a page showing products and then from that page to a page showing jewelry products that those are links that would have existed as of June 1, 2002." See Goggin Second Supplemental Decl. ¶5. Nowhere in Mr. Goggin's August 22 e-mail or in his second supplemental declaration is there any acknowledgment of error or mistake. Instead, Mr. Goggin had attempted to bolster his position with regard to the now admittedly erroneous factual statement made in his previous two declarations by characterizing it as a "conclusion" (of fact? of law? he does not say) in the fifth paragraph of his second supplemental declaration.[2]

In the remote possibility that Mr. Goggin's "conclusion" in his second supplemental declaration is considered an acknowledgment that a "fact" had been asserted in error and it provides an explanation for the error, it should be stricken by this Court since it is no more than a legal argument and information which is not attributable to Mr. Goggin's personal knowledge. A declaration submitted by a party's attorney which contains unsupported assertions is inadequate to defeat a motion for summary judgment. Randell v. United States, 64 F.3d 101, 109 (2d Cir. 1995); see also Carnrite v. Granada Hosp. Group, Inc., 175 F.R.D. 439, 448-49 (W.D.N.Y. 1997) (court struck affidavit of

---

[2] A copy of the e-mail of August 22, 2005 from Mr. Goggin to Bridget A. Short and the August 19, 2005 letter of William R. Hansen to James G. Goggin are attached as Exhibits B and C respectively to the Declaration of Ms. Short filed herewith.

plaintiff's counsel because affidavit discussed facts not within counsel's personal knowledge). Here, it is noted that Chamilia itself, in its opposition memorandum, now challenges the very "conclusion" asserted in Mr. Goggin's second supplemental declaration: "[b]ased on the record, we cannot know for certain whether or not Looks, LLC's web site as of June, 2002 also included links to Pandora jewelry." See Opp. Mem. p. 5.

Even while so admitting this error, Chamilia tries to maintain its argument that Pandora had filed a knowingly invalid patent application. However, with its direct disavowal of Mr. Goggin's "conclusions" as a fact, Chamilia now relies on pure speculation that the website pages from the Looks, LLC website support its accusation that Pandora entered the U.S. market more than one year before filing its patent application. Now, in its opposition memorandum, Chamilia attacks Pandora's statement that it entered the U.S. market with its jewelry products in October, 2002. Further, in another baseless accusation, Chamilia speculates that Pandora with the concealment of information supporting an offer for sale as of August, 2002 "because it is believed this information to be damaging to its interests." See Opp. Mem. p. 6. Even assuming that Pandora first entered the U.S. market in August, 2002, there is no plausible reason for Pandora to conceal this fact since an August, 2002 offer for sale is clearly within one year of the patent application's filing date of July 21, 2003. Chamilia's newest arguments can only be described as desperate and should be totally ignored by this Court.

## CONCLUSION

Pandora respectfully requests that paragraph 4 of the Declaration of Jeffrey Julkowski, paragraph 3 of the Declaration of James G. Goggin, paragraph 2 of the

Supplemental Declaration of James G. Goggin and the entirety of the Second Supplemental Declaration of James G. Goggin be stricken for containing inadmissible hearsay, legal arguments, generalized conclusory statements and information which is not attributable to the declarant's personal knowledge and thereby failing to comply with Rule 56(e).

Dated: New York, New York
       September 28, 2005

                                   Respectfully submitted,

                                   LATHROP & GAGE L.C.

                                   By: _____s/William R. Hansen_____
                                           William R. Hansen (WH-9446)
                                           Gianfranco G. Mitrione (GM-8168)
                                           Bridget A. Short (BS-4191)
                                           230 Park Avenue, Suite 1847
                                           New York, New York 10169
                                           (212) 850-6220 (tel)
                                           (212) 850-6221 (fax)

                                   Attorneys for Defendant
                                   Pandora Jewelry, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of September, 2005, I electronically filed Defendant's Reply Memorandum of Law in Support of Its Motion to Strike Inadmissible Evidence Offered by Plaintiff in Opposition to Defendant's Motion for Summary Judgment with the Clerk of the Court by using the CM/ECF system with notice of case activity generated and sent electronically to the following:

> James G. Goggin
> VERRILL DANA, LLP
> One Portland Square
> Portland, Maine 04112

> s/Gianfranco G. Mitrione
> *An Attorney for Defendant*
> *Pandora Jewelry, LLC*

NYDOCS 25902v1