**LATHROP & GAGE L.C.**
William R. Hansen (WH-9446)
Gianfranco G. Mitrione (GM-8168)
Bridget A. Short (BS-4191)
230 Park Avenue, Suite 1847
New York, New York 10169
(212) 850-6220 (tel)
(212) 850-6221 (fax)

**Attorneys for Defendant**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
CHAMILIA, LLC,                             :    Civil Action No.:
                                           :    04 CV 06017 (KMK)
          Plaintiff,          :
                                           :
   -against-                              :    ECF CASE
                                           :
PANDORA JEWELRY, LLC,                      :
                                           :
          Defendant.          :
------------------------------------------------------------X

**DECLARATION OF BRIDGET A. SHORT IN SUPPORT OF
DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION TO STRIKE INADMISSIBLE EVIDENCE UNDER RULE 56(e)**

BRIDGET A. SHORT, does hereby declare:

1.    I am an associate with the firm of Lathrop & Gage L.C., attorneys for Defendant, Pandora Jewelry, LLC. I am admitted to practice law in the State of New York and in this District. I am familiar with all the facts and circumstances in this proceeding.

2.    I submit this declaration pursuant to Rule 56(e) of the Federal Rules of Civil Procedure in support of defendant's reply memorandum of law in support of defendant's motion to strike paragraph 4 of the Declaration of Jeffrey Julkowski, paragraph 3 of the Declaration of

James G. Goggin, paragraph 2 the Supplemental Declaration of James G. Goggin and the entirety of the Second Supplemental Declaration of James G. Goggin.

3. Attached hereto as Exhibit B is an email I received from James G. Goggin, Esq. dated August 22, 2005.

4. Attached hereto as Exhibit C is a letter from William R. Hansen, Esq. to James G. Goggin, Esq. dated August 19, 2005.

I DECLARE under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
September 28, 2005

*(signature)*
Bridget A. Short

# EXHIBIT B

# Short, Bridget

**From:** James Goggin [jgoggin@verrilldana.com]
**Sent:** Monday, August 22, 2005 11:24 AM
**To:** Short, Bridget
**Cc:** Mitrione, Gianfranco; Dylan Smith
**Subject:** RE: Emails and Exhibitq

Bridget,

Where are the documents referenced in your attached email from last week?

As for your Rule 11 letter last Friday, see my second supplemental affidavit filed today. I will not be withdrawing anything or changing my arguments. If your conclusion from the facts is different from mine, you have an opportunity to file a reply and make your argument to the judge.

Thank you,

Jim

>>> "Short, Bridget" <BShort@LathropGage.com> 8/15/2005 6:31 PM >>>
Jim-

We agree that it is not necessary to file Pandora Exhibit 14 (Declaration of Lisa Whirlow in Support of Petition to Access a Pending Patent Application under 37 CFR Section 1.14) under seal.

We have been discussing the status of the email discovery with Dylan Smith over the past two weeks. Our latest discussion with Dylan was on Friday, August 12th wherein we advised him that we were to receive the email production today and that we would provide it to him as soon as we were able to review the materials for privilege, relevance and confidentiality. Our suggestion that we provide documents as they become available to us was rejected by Dylan; he stated that a "rolling discovery" was not necessary. He also indicated that he would be out of the office this week and that we should contact you to discuss any issues in his absence.

As discussed with Dylan, we received the emails from the Danish computer company today and are in the process of reviewing them as described above. We would not object to a supplemental filing if required.

Regards-

Bridget

-----Original Message-----
From: James Goggin [mailto:jgoggin@verrilldana.com]
Sent: Monday, August 15, 2005 2:53 PM
To: Short, Bridget
Cc: Dylan Smith; Valerie Wright
Subject: Emails and Exhibitq


Bridget,
WHen can we expect to receive the email discovery? At this point we will be reserving our right to follow a supplemental opposition if there is anything relevant in what you provide to us, and I trust you will not object.

Otherwise, You marked as confidential an exhibit. Whirlow declaration Def Ex 14, filed with the PTO, which we did not designate as confidential. This is a public document which I don't want to have to file under seal. Do you agree we don't have to seal it?

Thanks,
Jim

1

This message is intended for the use of the addressee only and may contain information that is privileged and confidential. If you are not the intended recipient of this message, be notified that any dissemination or use of this message is strictly prohibited. If you have received this message in error, please delete all copies of the message and its attachments and notify the
sender immediately. Thank you.          Verrill Dana, LLP.

This message is intended for the use of the addressee only and may contain information that is privileged and confidential. If you are not the intended recipient of this message, be notified that any dissemination or use of this message is strictly prohibited. If you have received this message in error, please delete all copies of the message and its attachments and notify the
sender immediately. Thank you.          Verrill Dana, LLP.

# EXHIBIT C

# LATHROP
# GAGE

WILLIAM R. HANSEN, ESQ.
(212) 850-6225
EMAIL: WHANSEN@LATHROPGAGE.COM
WWW.LATHROPGAGE.COM

230 PARK AVENUE
SUITE 1847
NEW YORK, NY 10169
(212) 850-6220, FAX (212) 850-6221

August 19, 2005

James G. Goggin, Esq.
Verrill Dana LLP
One Portland Square
Portland, Maine 04112-0586

    Re:    **Chamilia, LLC v. Pandora Jewelry, LLC**
             **Docket No. 04-CV-6017**

Dear Mr. Goggin:

We have received your declaration dated August 15, 2005 and your late filed supplemental declaration dated August 16 in the above case. In doing so, our client communicated with the Internet Archive company who provided you with the affidavit attached to your supplemental declaration. Our client has informed us that no references could be found in the "Wayback Machine" archive for a June, 2002 date relating to Pandora. In corroboration of that fact, I note that on the last two pages of the three web pages attached to Molly Bragg's "Affidavit," the URL assigned by Internet Archive reads, in relevant part, "20020806002151." Ms. Bragg's affidavit informs us that these archived pages are dated August 6, 2002 – not June 1, 2002 as you informed the Court. A copy of the Supplemental Declaration is attached.

NYDOCS 9747v1

**Change Your Expectations.**

KANSAS CITY • OVERLAND PARK • ST. LOUIS • JEFFERSON CITY • SPRINGFIELD • BOULDER • WASHINGTON D.C.* • NEW YORK
*Lathrop & Gage DC PLLC-Affiliate

James G. Goggin, Esq.
August 19, 2005
Page 2

Pursuant to Rule 11(b), Fed. R Civ. P. we provide you with an opportunity to withdraw the "Supplemental Declaration" which states falsely that the Bragg Affidavit "... is submitted as additional authentication of Exhibit B attached to my first declaration, which consists of true and correct copies of selected pages from the web site of LOOKS, LLC as it existed on June 1, 2002." This is not true by the terms of Ms. Bragg's affidavit and by the date which appears on pages 2 and 3 of Exhibit A to Ms. Bragg's affidavit.

If you fail to withdraw your declaration and the supplemental declaration, and all arguments based upon them, we intend to seek sanctions as provided in Rule 11(c), Fed. R. Civ. P.

Sincerely yours,

LATHROP & GAGE L.C.

By: *[signature]*

William R. Hansen, Esq.

NYDOCS 9747v1