# Verrill Dana LLP

Attorneys at Law

JAMES G. GOGGIN
PARTNER
jgoggin@verrilldana.com
Direct: 207-253-4602

ONE PORTLAND SQUARE
PORTLAND, MAINE 04112-0586
207-774-4000 • FAX 207-774-7499
www.verrilldana.com

July 24, 2006

Honorable Kenneth M. Karas
United States District Court
Southern District of New York
500 Pearl Street, Room 920
New York, NY  10007

Re:   Chamilia, LLC v. Pandora Jewelry, LLC
      Civil Action No. 04-CIV-06017 (KMK) (ECF Case)

Dear Judge Karas:

To follow up on the hearing on the motion for summary judgment on July 20, 2006, this is to report that we were unable to find any cases addressing the specific question of whether calling a competitor's product a "knock-off", in and of itself, supports a Lanham Act violation. We continue to believe that the arguments made in the briefs and orally support the Lanham Act claim based upon this statement.

With respect to whether oral statement can violate the Patent Marking Statute, see *Johnston v. Textron*, 579 F. Supp. 783 (D. R.I. 1984) where the Court found that an on-the-air radio broadcast in which the defendant's product was described as patented was a violation of the Marking Statute. We believe the two cases already cited in our brief support the fact that the oral statements in our case were advertising, and this case shows that there is no requirement that the advertising be in writing.

Finally, the statements about Chamilia customers not purchasing or cancelling purchases because of statements made by Pandora about its patent rights is admissible. Hearsay within hearsay is admissible if each part of the combined statements conforms with an exception to the hearsay rules. F.R.Evid.805. The statement from Pandora to a Chamilia customer is not hearsay because it is offered against a party, F.R.Evid. 803(2) and is a party's own statement (by Mr. Lund, for example), F.R.Evid. 803(2)(a), or, in the case of a statement made by a Pandora representative, either a statement by a person authorized to make the statement, F.R.Evid. 803(2)(c), or a statement by Pandora's agent or employee within the scope of the agency made during the existence of the relationship. The statement from Chamilia's customer to Chamilia is admissible (whether or not the customers are otherwise available) as an exception to the hearsay rule as a statement of the declarants' then existing state of mind (such as intent, plan, or motive). Fed.R.Evid. 803(3). *See*, e.g. Dep. Trans. of Kathy Shaw-Riley p. 74 lines 8-25 (attached as Ex.

---

Hon. Kenneth M. Karas
Page 2

A) and as Ex. D to the First Declaration of James Goggin. This view is supported by *Fun-Damental Too, Ltd. v. Gemmy Industries Corp,*. 111 F.3d 993, 1003-04, (2d Cir. 1997), where Fun-Damental offered the direct testimony of its national sales manager to demonstrate actual confusion. He testified that some retail customers complained because they thought Fun-Damental was selling its Toilet Bank at a lower price to other retailers. The Court found no hearsay problem. Hearsay is an out-of-court statement admitted for the truth of the matter asserted. *See* Fed.R.Evid. 801. The testimony in question was not offered to prove that Fun-Damental was actually selling to some retailers at lower prices, but was probative of the declarant's confusion. The Court also recognized that Rule 803(3) allows statements, otherwise excluded as hearsay, to be received to show the declarant's then-existing state of mind. *See Herman Schwabe, Inc. v. United Shoe Machinery Corp.*, 297 F.2d 906, 914 (2d Cir.1962) ("[s]tatements of a customer in an antitrust case as to his reasons for not dealing with a supplier are admissible for this limited purpose," i.e., the purpose of proving customer motive, but not as evidence of the facts recited as furnishing the motives). See also *J.F. Feesner, Inc., et al. v. Serv-a-Portion, Inc., et al.*, 909 F.2d 1524, 1535 at FN11 (3d Cir. 1990) "Although the district court disallowed a considerable part of this testimony as hearsay, it acknowledged that some of the excluded depositions would be admissible under Fed.R.Evid. 803(3) if the customer's motive for not purchasing from Feeser was relevant to this action. Finding that motive was not germane, the district court disallowed the bulk of the depositions. The district court erred in this regard because the reason why a customer was not doing business with a particular seller is relevant in a lost profits/sales inquiry and its causal connection to the pricing practices of the alleged violator. If Feeser was losing sales or was being forced to cut its selling prices and thereby reducing its profits to meet Weis' price, this is directly related to actual injury.; See Herman Schwabe, Inc. v. United Shoe Machinery Corp., 297 F.2d 906, 914 (2d Cir.1962) see also Hydrolevel Corp. v. Am. Soc. of Mech. Engineers, 635 F.2d 118, 128 (2d Cir.1980) (following Schwabe ); 4 J. Weinstein & M. Berger, Weinstein's Evidence ¶ 803[03], at 803-112 (1988)).

                            Sincerely,

                            /s/ James G. Goggin

                            James G. Goggin

JGG/sms